## STATE v. A. J. McKENZIE.[1]

February 20, 1931.

Nos. 28,056, 28,058.

[1]Reported in 235 N. W. 274.

P. W. Morrison, for appellant.

Henry N. Benson, Attorney General, and John J. Fahey, County Attorney, for the state.

LORING, J.

Two cases. At the same term of the district court in Carver county the defendant was convicted of the offense of extortion and of the offense of grand larceny in the second degree. On these appeals it is claimed that the evidence was insufficient to sustain the verdict of guilty in the extortion case and that in the grand larceny case the sentence imposed was unauthorized by law.

One Logelin had been guilty of disgraceful conduct and was in fear of exposure. He asked a friend of his by the name of Weinzierl to make such arrangements that he would not be exposed to disgrace. Weinzierl in turn employed the defendant, McKenzie, and a man by the name of Riley, and the latter two came to Logelin and told him that he was lucky that he was not in jail; that one man had been subjected to a heavy fine and another to a long imprisonment for like conduct; and that there was a criminal charge against Logelin. Riley partly exhibited a star and McKenzie stated that he and Riley were detectives; that Riley was the head man and that he, McKenzie, was a "lieutenant," thereby impressing upon Logelin that they held some sort of official position. Defendant

and Riley told Logelin that they could fix the matter up for him but that it was a dirty job and would take money. Logelin thereupon obtained $500, and it was divided between the three, Weinzierl, Riley, and the defendant. They actually paid out no money in order to protect Logelin from exposure, but they came to him again and impressed upon him the fact that it would take money to prevent the exposure and persuaded him to go to Waconia in Carver county and arrange with the banker there for another $500. This Logelin did; and when the banker became acquainted with the circumstances he took Logelin to an attorney at Waconia and they arranged that the sheriff of that county should be at the bank in Waconia when the defendant and his confederates came to get the money. The defendant and his associates brought with them a release, which after examination by the banker was turned over to Logelin, who thereupon paid the $500 to the defendant and his associates, who were immediately thereafter arrested by the sheriff of Carver county. The defendant's two confederates pleaded guilty to extortion. The defendant was tried and found guilty and sentenced to not less than twice the shortest term prescribed for a first conviction of that offense, there having been two previous felony convictions proved against him.

In our opinion the evidence was ample to sustain the conviction of extortion. The fact that many of the conversations by which Logelin was put in fear occurred in Hennepin county did not oust the jurisdiction of the Carver county district court, because the offense was consummated and the money paid over in that county. Nor do we think that the defense of entrapment was available. The defendant was not induced to commit the crime. He was merely permitted to consummate what he had planned.

In the grand larceny case there is no contention that the evidence does not sustain the conviction; but upon a showing of the two previous convictions and the conviction of extortion at the same term of court, the defendant was sentenced as if he had three previous convictions against him. L. 1927, p. 337, c. 236, makes life the maximum indeterminate sentence which may be given a convict

after three convictions for felonies prior to the commission of the felony for which he is being sentenced. Under this statute, the conviction to be available for an increased sentence must precede the commission of the fourth offense. Such was not the case'here. The defendant should have been sentenced under the provisions of c. 236, § 1, which relates to the punishment to be enforced after one or two previous convictions.

The question raised about the sufficiency of the proof that the defendant committed the crime of burglary in Wisconsin under the name of Arthur McKenzie is now immaterial because the sentence to be imposed is the same whether he was convicted of one or two offenses previous to the commission of the crime under consideration. The proof of the previous grand larceny charge in this state was sufficient.

The judgments are affirmed, but the grand larceny case is remanded to the district court for appropriate proceedings to amend the sentence so as to conform to the statute.

