## STATE v. JAMES FLOYD HARRIS.

152 N. W. (2d) 728.

August 4, 1967—No. 40,296.

---

[15] See, Nielsen v. Mutual Service Cas. Ins. Co. *supra.*
[16] See footnote 3, *supra.*

*C. Paul Jones,* State Public Defender, and *Roberta K. Levy,* for appellant.

*Douglas M. Head,* Attorney General, and *Gerard W. Snell,* Solicitor General, for respondent.

SHERAN, JUSTICE.

Certification of questions by district court as important and doubtful.

On December 30, 1964, an information was filed in the District Court of Jackson County charging defendant with theft by means of four checks, each for $35, issued August 2, 1964, contrary to Minn. St. 609.52, subds. 2(3)(a)[1] and 3(4).[2] Defendant moved for an order

---

[1] Minn. St. 609.52, subd. 2(3)(a), provides: "Subd. 2. Whoever does any of the following commits theft and may be sentenced as provided in subdivision 3:

\* \* \* \* \*

"(3) Obtains for himself or another the possession, custody, or title to

quashing the information because it did not state a public offense, asserting that § 609.52, subds. 2(3)(a) and 3(4), are invalid in that they:

(1) Violate U. S. Const. Amends. VI and XIV and Minn. Const. art. 1, § 6, in that they are so vague and indefinite that defendant is not informed of the nature and cause of the prosecution against him.

(2) Violate U. S. Const. Amend. XIV and Minn. Const. art. 1, § 7, in that they deprive defendant of his liberty without due process of law.

(3) Violate U. S. Const. Amends. V and XIV and Minn. Const. art. 1, § 7, in causing defendant to be twice jeopardized for commission of the same act.

(4) Violate U. S. Const. Amends. VI and XIV and Minn. Const. art. 1, § 6, in that they deny defendant trial by jury.

(5) Violate Minn. Const. art. 4, § 27, in that they embrace more than one subject and embrace a subject not expressed in the title.

The trial court denied defendant's motion, but, at his request, certified the matter to this court as being important and doubtful.

■ VAGUENESS. In State v. Mathiasen, 273 Minn. 372, 141 N. W. (2d) 805, which was decided subsequent to the trial court's certification in the present case, we determined that the sections here considered are not unconstitutionally vague. We adhere to that decision.

---

property of a third person by intentionally deceiving him with a false representation which is known to be false, made with intent to defraud, and which does defraud the person to whom it is made. 'False representation' includes without limitation:

"(a) The issuance of a check, draft, or order for the payment of money or the delivery of property knowing that he is not entitled to draw upon the drawee therefor or to order the payment or delivery thereof."

[2] Minn. St. 609.52, subd. 3(4), provides: "Subd. 3. Whoever commits theft may be sentenced as follows:

* * * * *

"(4) * * * [I]n any prosecution under clause (3)(a) of subdivision 2 hereunder the value of the money or property received by the defendant in violation thereof within any six month period may be aggregated and the defendant charged accordingly in applying the provisions of this subdivision."

Subd. 3(2) provides for a sentence of up to 5 years or a fine of not more than $5,000, or both, for theft of more than $100 but not more than $2,500.

■ DUE PROCESS. Also in the Mathiasen case, we held the statute "valid in all respects." 273 Minn. 378, 141 N. W. (2d) 810.

■ DOUBLE JEOPARDY. Defendant's double jeopardy claim is without merit. He has not shown that he has previously been prosecuted for the same offense within the meaning of the constitutional provisions relied upon or convicted or acquitted of any offense arising out of the same conduct within the meaning of Minn. St. 609.035.

■ TRIAL. The sections under attack do not deprive defendant of his right to a jury trial. Defendant has no right to a separate jury trial as to each check. As pointed out in the Mathiasen case, the legislature has competently made it one offense to pursue a certain course of conduct, viz., fraudulent issuance of checks within a 6-month period. The right to a jury trial does not encompass a right to separate trials as to various elements of a single offense. No question of venue arises where, as here, all the checks were issued in the same county.

■ MULTIPLE SUBJECTS; TITLE. Minn. Const. art. 4, § 27, provides: "No law shall embrace more than one subject, which shall be expressed in its title." The statutory provisions here considered are a part of L. 1963, c. 753, entitled, "Relating to crimes and punishment; creating the criminal code of 1963 and conforming and harmonizing certain provisions of Minnesota Statutes with the provisions thereof; amending Minnesota Statutes 1961, Sections * * *; repealing Minnesota Statutes 1961, Sections * * *." The law clearly does not violate Minn. Const. art. 4, § 27. See, State v. Meyer, 228 Minn. 286, 37 N. W. (2d) 3, and cases cited.

The trial court properly overruled defendant's motion to quash the information.

Questions certified are answered in the negative.