## STATE v. ROBERT MITCHELL.

152 N. W. (2d) 784.

August 25, 1967—No. 40,405.

*C. Paul Jones*, State Public Defender, and *Ronald L. Haskvitz*, Assistant State Public Defender, for appellant.

*Douglas M. Head*, Attorney General, *Gerard W. Snell*, Solicitor General, and *C. L. Charlson*, County Attorney, for respondent.

MURPHY, JUSTICE.

This is an appeal from a judgment of conviction pursuant to a plea

of guilty to the charge of theft under the so-called "Bunching of Checks" statutory provision, Minn. St. 609.52, subds. 2(3)(a) and 3(4). The information lists the checks involved, allegedly a total of $167.80 for the period from September 27, 1965, to and including October 15, 1965. Defendant contends that the trial court erred in accepting his plea of guilty; that the plea was induced by promises; and that defense counsel failed to inform defendant of his constitutional rights. The asserted errors should be viewed in light of the proceedings before the trial court as they appear fom the transcript of the record, which reads as follows:

"Q.    Well, your plea of guilty is voluntary, if that plea is voluntary and there have been no threats or intimidation of any kind—

"A.    No, your Honor.

"Q.    That being the case I'll accept your plea of guilty; then the Clerk will make a note of that on the record of the Court. Now, I want to show you this Petition. You signed a petition for leave to enter a plea of guilty. I'll ask you if you signed that?

"A.    Yes, your Honor.

"Q.    And that is your signature?

"A.    Yes, your Honor.

"Q.    And you read it?

"A.    I read it with my attorney, yes.

"Q.    And your attorney explained this?

"A.    Yes.

"Q.    And you say here, 'I also understand that if I plead quilty the Court may impose the same punishment as if I had pleaded not guilty and stood trial and been convicted by a jury.'

"A.    Yes, your Honor.

"Q.    And you also say that, 'I declare that I offer my plea of guilty freely and voluntarily and of my own accord and also that my attorney has explained to me and I believe I understand the statements set forth in the Information, and in this Petition and in the certificate of counsel which is attached to the Petition.' Mr. Wurst, your lawyer, has signed a certificate in which he has said that he has read this document and your plea of guilty accords with his understanding on what the facts are and

what you should do in this case, and that is your statement too, Mr. Wurst?

"MR. WURST: That's correct, your Honor. I have gone into this thoroughly and made a thorough investigation of the facts and I have recommended a plea of guilty on this charge.

"THE COURT: Well, I'll have to make an adjudication that you are guilty and that is for the record. On your plea of guilty to the charge set forth in the Information charging you with the crime of Theft it is determined and adjudged that you, Robert P. Mitchell, have committed and are guilty and stand convicted of the crime of Theft in violation of Section 609.52, Subdivision 2(3)(a) with the charge added that you issued a series of checks aggregating a sum of $100."

There is no issue as to defendant's guilt since he admitted that he had no money in the bank to meet the checks written by him. See, State v. Harris, 277 Minn. 351, 152 N. W. (2d) 728. The court referred the case for presentence investigation and report, and on January 3, 1966, defendant appeared in court with counsel and was sentenced to imprisonment for not more than 5 years. The execution of the sentence was stayed and he was placed on probation under the usual probation conditions. It appears that on February 9, 1966, defendant was arrested by Missouri police authorities, after which he waived extradition and was returned to Minnesota. On March 17, 1966, defendant appeared in district court, at which time the stay of execution was revoked and warrant of commitment issued.

Defendant seems to claim that the proceedings were infected with error because it is claimed the plea was induced by promises made to him. It appears that at the time the plea was entered there was also a charge against defendant for bigamy, which was later dismissed. In connection with this circumstance, the court said to defendant:

"I understand there's another charge against you and you may have the idea that the Court will drop that one, have it dismissed or dropped, not prosecute it, but that isn't for the County Attorney or for the officers, that's for the Court. I can't do anything about that, can't tell you what we will do about that until the matter is brought before me."

From our examination of the file and record, we are satisfied that it contains nothing to support defendant's claim that the plea was induced by promises, nor is there anything in the record which would indicate incompetency of counsel. On the contrary, the record establishes that defendant's rights were fully protected.

Affirmed.