STATE v. RODNEY BELL.

157 N. W. (2d) 760.

March 29, 1968—No. 40,702.

*C. Paul Jones,* State Public Defender, and *Richard W. Swanson,* for appellant.

*Douglas M. Head,* Attorney General, *Raymond A. Lamb,* County Attorney, and *Robert J. Shaefer,* Assistant County Attorney, for respondent.

KNUTSON, CHIEF JUSTICE.

Defendant appeals from a judgment after a plea of guilty to the crime of uttering a forged check with the intent to defraud, contrary to Minn. St. 609.625, subd. 3.

Defendant was represented by the public defender. As far as we can determine, the only claims defendant now makes are that § 609.625, subd. 3, violates Minn. Const. art. 4, § 27, which provides that "[n]o

law shall embrace more than one subject, which shall be expressed in its title," and that the subdivision is void because it is vague and uncertain.

The statute under which defendant is charged has the heading, "AGGRAVATED FORGERY." Subd. 3 thereof reads:

"Whoever, with intent to defraud, utters or possesses with intent to utter any forged writing or object mentioned in subdivision 1, knowing it to have been so forged, may be sentenced as provided in subdivision 1."

. Defendant's argument is that inasmuch as the "title" to the section is "aggravated forgery," uttering a forged instrument is a separate offense from making or altering a written instrument and therefore the statute covers more than one subject.

Apparently both defendant and the state misconstrue the constitutional provision involved. Section 609.625 is only one of many sections contained in the Criminal Code of 1963. The constitution deals with the title of the act, not the "title" of individual sections of it. We have already held that the title of the Criminal Code of 1963 conforms to Minn. Const. art. 4, § 27. State v. Harris, 277 Minn. 351, 152 N. W. (2d) 728. The title of the act reads (L. 1963, c. 753):

"Relating to crimes and punishment; creating the criminal code of 1963 and conforming and harmonizing certain provisions of Minnesota Statutes with the provisions thereof; amending Minnesota Statutes 1961, Sections * * *; repealing Minnesota Statutes 1961," after which follows a list of numerous sections repealed.

That uttering a forged instrument comes within the meaning of this title can hardly be open to question. The rules regarding construction of the titles to statutes in the light of the constitutional article have frequently been stated and are no better stated anywhere than in Johnson v. Harrison, 47 Minn. 575, 577, 50 N. W. 923, 924, where we said:

" * * * The term 'subject,' as used in the constitution, is to be given a broad and extended meaning, so as to allow the legislature full scope to include in one act all matters having a logical or natural connection. To constitute duplicity of subject, an act must embrace two or more dissimilar and discordant subjects that by no fair intendment can be con-

sidered as having any legitimate connection with or relation to each other. All that is necessary is that the act should embrace some one general subject; and by this is meant, merely, that all matters treated of should fall under some one general idea, be so connected with or related to each other, either logically or in popular understanding, as to be parts of, or germane to, one general subject."

See, also, C. Thomas Stores Sales System, Inc. v. Spaeth, 209 Minn. 504, 297 N. W. 9; Visina v. Freeman, 252 Minn. 177, 89 N. W. (2d) 635. We have also upheld titles covering a common subject involving many sections. See State ex rel. Pearson v. Probate Court, 205 Minn. 545, 287 N. W. 297, affirmed, 309 U. S. 270, 60 S. Ct. 523, 84 L. ed. 744, 126 A. L. R. 530, where many of our cases are collected and the question is comprehensively discussed. See, also, C. Thomas Stores Sales System, Inc. v. Spaeth, *supra.*

It should also be mentioned that the so-called title of the section to which defendant attaches significance is no part of the statute at all. Section 648.36 reads:

"The headnotes of the sections of any edition of the Minnesota Statutes printed in black-face type are intended to be mere catch-words to indicate the contents of the section and are not any part of the statute, nor shall they be so deemed when any of such sections, including the headnotes, are amended or reenacted, unless expressly so provided."

Defendant's only other contention is that the word "utter" as used in § 609.625 is so vague that it violates the usual requirement of certainty as to criminal statutes. Criminal statutes must be sufficiently clear and definite to inform a person of ordinary intelligence what the statute is aimed at, State v. Kuluvar, 266 Minn. 408, 123 N. W. (2d) 699; and people of ordinary intelligence must not be made to guess at the meaning of the statute. Anderson v. Burnquist, 216 Minn. 49, 11 N. W. (2d) 776.

The word "utter" in connection with forgery is a term of long standing. We fail to see how it can be open to the criticism leveled at it by defendant. We see no object in discussing the matter further. Defendant was ques-

tioned extensively by the court before he entered his plea of guilty, and he stated that he was fully aware of the nature of the crime to which he was pleading guilty, and that he entered his plea voluntarily and with a full understanding of the nature of the offense.

Affirmed.