## STATE v. ROGER P. FLECK.

161 N. W. (2d) 309.

August 23, 1968—No. 41,075.

*C. Paul Jones,* State Public Defender, and *Robert E. Oliphant,* Assistant State Public Defender, for appellant.

*Douglas M. Head,* Attorney General, *Richard H. Kyle,* Solicitor General, and *David J. Byron,* Special Assistant Attorney General, for respondent.

MURPHY, JUSTICE.

This is an appeal from a judgment of the district court which raises the question of whether a conviction under Minn. St. 609.52, subd. 2(3) (a),

and Minn. St. 1965, § 609.52, subd. 3(4) (now Minn. St. 609.52, subd. 3[5]),[1] for passing worthless checks aggregating more than $100 in a 6-month period bars a subsequent prosecution in a different county for the passing of other worthless checks during the same 6-month period.

On June 14, 1966, the 19-year-old defendant was charged by information in St. Louis County with the crime of theft in violation of § 609.52, subd. 2(3) (a). The charge was based on 3 checks passed in Duluth, Minnesota, drawn on a Duluth bank, and dated May 9, 1966. Each check was written for less than $100 but, when aggregated, their value was $135. Defendant was represented by counsel and entered a plea of guilty, after which the court sentenced him pursuant to Minn. St. 1965, § 609.52, subd. 3(4), committing him to the custody of the Youth Conservation Commission for 5 years. The sentence was stayed and he was placed on probation for 2 years, the first of which he was to spend at the St. Louis County Work Farm. No appeal was taken from this conviction.

During the same 6-month period in which he had cashed worthless checks in St. Louis County, defendant had also passed a large number of checks in Itasca County. After his release on the St. Louis County conviction, Itasca County authorities determined to prosecute for the offenses committed in their jurisdiction. Accordingly, on April 4, 1967, defendant was charged in Itasca County under § 609.52, subd. 2(3) (a), with passing 12 worthless checks in and around Grand Rapids, Minnesota. All of these checks were written on the First National Bank of Grand Rapids. None was for more than $100, but their aggregate value was $211.15. Defendant entered a plea of not guilty by reason of former conviction, contending that the offense with which he was charged was the same offense of which he had been convicted in St. Louis County. He conceded that he wrote and passed the checks, received the proceeds knowing that he did not have money in the drawee bank to cover them, and that he intended to defraud the payees. Defendant waived a jury trial, and the case was tried on a stipulation of facts. After considering the matter, the Itasca County District Court found defendant guilty and, applying Minn. St. 1965, § 609.52, subd. 3(4), imposed an additional 5-year sen-

---

[1] So renumbered by Ex. Sess. L. 1967, c. 15, § 3.

tence in custody of the Youth Conservation Commission, with execution being stayed on condition that defendant spend the first 40 days in jail.

In support of his contention that the prior conviction barred the prosecution in Itasca County, defendant argues that both convictions arose out of the same course of conduct. He directs attention to Minn. Const. art. 1, § 7, which states: "* * * [N]o person for the same offense shall be put twice in jeopardy of punishment * * *," and the provisions of Minn. St. 609.035, the so-called prior conviction statute, which reads:

"Except as provided in section 609.585, if a person's conduct constitutes more than one offense under the laws of this state he may be punished for only one of such offenses and a conviction or acquittal of any one of them is a bar to prosecution for any other of them. All such offenses may be included in one prosecution which shall be stated in separate counts."

The above statute has been the subject of discussion in numerous decisions of this court since its enactment in 1963. See, State v. Harris, 277 Minn. 351, 152 N. W. (2d) 728; State v. Murphy, 277 Minn. 355, 152 N. W. (2d) 507; State v. Reiland, 274 Minn. 121, 142 N. W. (2d) 635; State v. Gladden, 274 Minn. 533, 144 N. W. (2d) 779; State v. Johnson, 273 Minn. 394, 141 N. W. (2d) 517; and City of Bloomington v. Kossow, 269 Minn. 467, 131 N. W. (2d) 206. It has also been analyzed in an excellent comment in 50 Minn. L. Rev. 1102. Defendant contends that the thrust of these decisions is that a defendant cannot be punished more than once for conduct which constitutes more than one offense. State v. Johnson, *supra.*

As noted, in both St. Louis and Itasca Counties defendant was sentenced under Minn. St. 1965, § 609.52, subd. 3(4), the so-called "Bunching of Checks" provision (State v. Mitchell, 277 Minn. 454, 455, 152 N. W. [2d] 784, 785), which may be used to escalate a series of misdemeanor violations into a felony. Section 609.52, subd. 3(4), the constitutionality of which was upheld in State v. Harris, *supra,* and State v. Mathiasen, 273 Minn. 372, 141 N. W. (2d) 805, provided:

"In all other cases where the value of the property or services is $100 or less, to imprisonment for not more than 90 days or to payment of a fine of not more than $100, provided, however, in any prosecution under

clause (3) (a) of subdivision 2 hereunder the value of the money or property received by the defendant in violation thereof within any six month period may be aggregated and the defendant charged accordingly in applying the provisions of this subdivision."

Defendant contends that under this statutory provision separate violations are made part of a single course of conduct and thus that all such violations must be prosecuted together. The Criminal Code submitted to the 1963 legislature proposed that the penalties for theft, including theft by passing of a worthless check, should be measured by the amount or value involved. Under the proposed act, each of the offenses here, which involved thefts of less than $100, would have been separate and distinct misdemeanors punishable by imprisonment of not more than 90 days or payment of a fine of not more than $100. However, as we pointed out in Mathiasen, the present provision permitting the prosecution of a series of misdemeanors as a felony "was inserted to meet the objection that in eliminating the Habitual Offender Act for misdemeanors * * *, the new criminal code had not adequately provided against habitual bad-check writers who repeatedly wrote bad checks for less than $100." 273 Minn. 375, note 2, 141 N. W. (2d) 808, note 2. To deter the bad-check writer by imposing a more serious penalty where he passed a number of small checks, the legislature enacted the unique provisions of § 609.52, subd. 3(4), which, by allowing a charge to aggregate the proceeds of more than one check for purposes of measuring the punishment to be imposed, in effect gives the prosecution the discretionary right to charge the defendant with a felony where money or property received by worthless checks within a 6-month period aggregated more than $100. In Mathiasen, we held that in adopting § 609.52, subd. 3(4), the legislature constitutionally exercised its authority by declaring which acts or what course of conduct shall be deemed inimical to the public welfare and that a provision permitting the prosecution to charge a series of misdemeanors as a felony was not defective on the basis of duplicity. Both California and Illinois have adopted statutes of a similar nature (Calif. Penal Code, § 476a; Ill. Rev. Stat. 1967, c. 38, § 17-1), but these differ in their provisions and are of no particular relevance as bearing upon the issue presented here.

It is true that in Mathiasen there is language which would indicate that by enacting § 609.52, subd. 3(4), the legislature gave the state the right to prosecute a defendant for a course of conduct rather than a specific act. Defendant uses the views so expressed to support his argument that both charges placed against him grew out of criminal behavior involving a number of violations of law which involved the same behavioral pattern. State v. Johnson, *supra.*

We cannot agree, however, that by making a series of misdemeanors punishable as a felony the legislature intended to make a prior conviction a defense to the prosecution of other offenses occurring at different times and places. Neither the character nor the nature of the violations of law committed lend themselves to the application of the principles of double jeopardy or of the provisions of the prior conviction statute, § 609.035. Our decisions which hold that § 609.035 protects a defendant from a second prosecution for an offense growing out of a single behavioral incident should not be extended to apply to circumstances where the series of acts complained of involve separate and distinct violations of law occurring at different times and different places, involving different victims and, consequently, different criminal objectives.

We are concerned here only with the question of whether, in a criminal prosecution for theft by worthless check, the state, by aggregating misdemeanors, transmutes into one continuing offense all of the separate and independent thefts committed by the defendant during a 6-month period so that the prosecution for one group of worthless checks creates immunity from prosecution for others regardless of the county or district in which such other offenses have been committed. We think the provisions of § 609.52, subd. 2(3) (a), and Minn. St. 1965, § 609.52, subd. 3(4), should be construed in light of other provisions of law as they bear upon the practicality of dealing with the problem of the habitual offender who makes a practice of committing small thefts by worthless checks. We must assume that the legislature had in mind Minn. Const. art. 1, § 6, which provides:

"In all criminal prosecutions the accused [is entitled] to a speedy and public trial, by an impartial jury of the county or district wherein the crime shall have been committed,"

and the venue provisions of Minn. St. 627.01, which provide:

"Every criminal cause shall be tried in the county where the offense was committed, except as otherwise provided by law, unless it shall appear to the satisfaction of the court, by affidavit, that a fair and impartial trial cannot be had in such county * * *."

Under art. 1, § 6, it is clear that offenses committed in more than one county could not ordinarily be joined for prosecution in a single county, for the jury in such a case could obviously not be taken entirely from each of the counties in which an offense was committed. Thus, to accept defendant's contention that Minn. St. 609.035 prohibits separate trials in different counties would effectively prevent prosecution of offenses committed outside the county in which he is first prosecuted, for art. 1, § 6, precludes a joint trial and § 609.035 would preclude separate trials. We do not believe that the legislature in enacting § 609.035 intended such an absurd result.

Furthermore, it is to be noted that a construction of § 609.035 which required a joint trial of offenses committed in different counties would in effect modify the venue provision of § 627.01, the general venue statute. We do not think it would be reasonable to interpret Minn. St. 1965, § 609.52, subd. 3(4), as expanding upon § 627.01. It must be assumed that, had the legislature desired to expand upon § 627.01, it would have effected this desire by amending that section.

As prosecution of this defendant for his multiple violations of § 609.52, subd. 2(3) (a), was of necessity venued in separate counties and separate judicial districts, it must follow that he would properly be convicted in both St. Louis County and Itasca County. To hold otherwise would place the state at a serious disadvantage in the prosecution of an individual for fraudulent checks passed in 86 of 87 counties in a given 6-month period and to allow a situation where the state under certain circumstances might find itself unable to properly deal with the habitual bad-check writer.

Affirmed.