**STATE of Minnesota, Respondent,**

v.

**Michael SIMMONS, Appellant.**

**No. 46584.**

Supreme Court of Minnesota.

Oct. 14, 1977.

William R. Kennedy, Hennepin County Public Defender, David G. Roston, Asst. Hennepin County Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Gary W. Flakne, County Atty., Vernon E. Bergstrom, Chief, Appellate Division, David W. Larson, and Phebe S. Haugen, Asst. County Attys., and Lee Barry, Law Clerk, Minneapolis, for respondent.

ROGOSHESKE, Justice.

This is an appeal by defendant from judgment of conviction for aggravated assault, Minn.St. 609.225, subd. 2. The sole issue raised by defendant is whether Minn.St. 609.11, subd. 1, permitted a minimum 3-year term for this offense, as the district court held. Holding that it did not, we remand for resentencing.

Defendant, pursuant to a plea agreement, pleaded guilty on October 30, 1975, to charges of having committed simple robbery on September 5, 1975; aggravated robbery (using a sawed-off shotgun) on September 20, 1975; and aggravated assault (using a handgun) on September 22, 1975. Other charges against defendant were dismissed pursuant to the plea agreement. The plea agreement contemplated that all the sentences were to run concurrently with each other and with any outstanding sentence defendant would have to complete if his parole were revoked. The parties agreed that defendant should get a 0- to 10-year sentence for simple robbery and a 1-year and 1-day to 10-year sentence for the aggravated robbery, but they disagreed over the sentence defendant should receive for the aggravated assault. The state contended that there should be a 3-year minimum with a 5-year maximum, and defendant contended that the minimum should be only 1 year and 1 day. The

disagreement centered on the meaning of § 609.11, subd. 1. The district court held that under the statute the correct minimum term was 3 years. It is this ruling which defendant challenges on appeal.

Section 609.11, subd. 1, provides:

"All commitments to the commissioner of corrections for imprisonment of the defendant are without minimum terms except when sentence is to life imprisonment as required by law and except that any commitment following the defendant's first conviction of an offense wherein he had in his possession a firearm or used a dangerous weapon at the time of the offense shall be for a term of not less than one year plus one day, nor more than the maximum sentence provided by law for the offense for which convicted, and *except that any commitment following defendant's second or subsequent conviction of an offense wherein he had in his possession a firearm or used a dangerous weapon at the time of the offense shall be for a term not less than three years,* nor more than the maximum sentence provided by law for the offense for which convicted, and such person shall not be eligible for parole until he shall have served the full minimum sentence herein provided, notwithstanding the provisions of sections 242.19, 243.05, 609.12 and 609.135. The offenses for which mandatory minimum sentences shall be served as herein provided are: aggravated assault, burglary, kidnapping, manslaughter, murder in the second or third degree, rape, robbery, sodomy, escape while under charge or conviction of a felony, or discharge of an explosive or incendiary device." (Italics supplied.)

Defendant's contention is that a commitment to a minimum term of 3 years for a second offense involving a firearm is proper only if the second offense occurred after the conviction for the first offense. Defendant bases this argument in part on the fact that the traditional rule permits sentencing to an increased term under extended term statutes only when the principal offense for which the defendant is convict-

ed and sentenced was committed after conviction of the offense or offenses forming the basis for the extended term. See, e. g., *State v. McKenzie,* 182 Minn. 513, 235 N.W. 274 (1931).

The state counters by arguing that the rule relied upon by defendant is inapplicable because the statute in question is unambiguous and does not require that the second offense occur after the conviction for the first offense, whereas the extended term statute interpreted in the *McKenzie* case (L.1927, c. 236, § 2) was a habitual offender statute providing for an increased term for a fourth offense only if the fourth offense occurred after the convictions for the three other offenses. Stated differently, the state argues that if the legislature had intended that the extended minimum term for the second offense involving use of a firearm apply only if that offense occurred after the conviction for the first offense the legislature would have used explicit language to that effect, as it did in enacting the old habitual offender law interpreted in *McKenzie* and as it did in enacting the present dangerous offender statute, Minn.St. 609.155.[1]

■■■ We believe that in the area of minimum and extended sentences the legislature has an obligation to state its intentions as clearly as possible. When it cannot be said with certainty that the legislature intended to authorize the imposition of a minimum term or an extended term in a particular situation, the presumption must be that the legislature did not intend to do so. This follows partly from the general rule of certainty as to criminal statutes, which is that criminal statutes must be sufficiently clear and definite to inform a person of ordinary intelligence what conduct is punishable and how severe the punishment might be. See, *State v. Bell,* 280 Minn. 55, 157 N.W.2d 760 (1968). It also follows partly from the fact that the traditional legislative approach has been, as defendant correctly states it, to permit sentencing to an increased term under extended term statutes only when the principal offense for which the defendant is convicted and sentenced was committed after conviction of the offense or offenses forming the basis for the extended term. See, in addition to *State v. McKenzie, supra,* Annotation, 24 A.L.R.2d 1247. Presumably, if the legislature had intended to deviate from the traditional approach taken in habitual offender legislation, it would have done so clearly and explicitly. Here, the legislature did not clearly express an intention that the enlarged minimum term of 3 years apply to a second offense occurring before the conviction of the first offense, and therefore we hold that the district court did not have authority to enlarge the minimum term to 3 years.

Sentence vacated; remanded for resentencing.

KELLY, Justice (dissenting).

I respectfully dissent. Minn.St. 609.11, subd. 1, speaks in unambiguous terms and we must heed its command. It mandates that—

" * * * any commitment following the defendant's first conviction of an offense wherein he had in his possession a firearm or used a dangerous weapon at the time of the offense shall be for a term of not less than one year plus one day, nor more than the maximum sentence provided by law for the offense for which convicted, and * * * that any commitment following defendant's second or subsequent conviction of an offense wherein he had in his possession a firearm or used a dangerous weapon at the time of the offense shall be for a term not less than three years, nor more than the maximum sentence provided by law for the offense for which convicted * * *."

No qualification concerning the sequence of conviction and commission of offenses appears.

---

1. Minn.St. 609.155, subd. 2, provides: "Whoever, having previously been convicted of one or more felonies, commits another felony * * * may upon conviction thereof be sentenced to an extended term of imprisonment if [certain conditions are met]."

The majority implies a requirement that the 3-year minimum term is applicable only if the defendant has committed the second offense after conviction for the first offense. The traditional legislative approach to extended term statutes is imported because § 609.11, subd. 1, is thought ambiguous. I do not find the statute ambiguous nor do I find the traditional approach relied on by the majority controlling.

Minn.St. 609.11 is not an extended term statute. It does not increase the penalty for an offense.[1] Extended term statutes, to the contrary, multiply maximum terms of imprisonment.[2] Section 609.11 resembles an extended term statute in that it provides an increased minimum term for recidivists bearing firearms, but the resemblance does not support the conclusion that the legislature must have intended to import the requirements of Minn.St. 609.155, the extended term statute, into § 609.11.

The purposes of the two statutes are palpably different. The extended term statute subjects a felon who will not be reformed or deterred to lengthy incarceration. Its object is to remove the habitual offender from society for the safety of the public: "[T]he

legislature in enacting * * * a [habitual criminal] statute intend[s] it to serve as a warning to first offenders and to afford them an opportunity to reform, and * * * the reason for the infliction of severer punishment for a repetition of offenses is not so much that defendant has sinned more than once as that he is deemed incorrigible when he persists in violations of the law after conviction of previous infractions." Annotation, 24 A.L.R.2d 1247, 1248. See, Minn.St. 609.16(3)(b). Before drastically increasing the severity of his punishment, it is reasonable to first warn the defendant through conviction and provide him an opportunity to rehabilitate his behavior.

The minimum sentence prescribed by Minn.St. 609.11, however, is imposed on first-time, as well as repeat, offenders. State v. Spencer, Minn., 248 N.W.2d 915, 921 (1976); State v. Master, Minn., 252 N.W.2d 859 (1977). The statute thus attempts general, as well as special, deterrence. It also focuses its deterrent effect on criminals possessing a firearm or using a dangerous weapon. The differences in emphasis are implicit in the statute's legislative history.[3] Its passage was undoubtedly

1. The statute explicitly limits imprisonment to "no[t] more than the maximum sentence provided by law for the offense for which [the defendant was] convicted".

2. Minn.St. 609.155, subd. 1, for example, provides: " 'Extended term of imprisonment' means a term of imprisonment the maximum of which may be for the maximum term authorized by law for the crime for which the defendant is being sentenced multiplied by the number of his prior felony convictions, but not to exceed 40 years."

3. Minimum terms for firearm offenders initiated in 1969: "[A]ny commitment for a felony wherein the intent of the defendant is an element of proof and wherein the defendant had in his possession a firearm at the time of the offense shall be for a term of not less than three years." L.1969, c. 743, § 1. See, also, L.1971, c. 845, § 15. In 1974 the legislature amended Minn.St. 609.11, subd. 1, to provide: "All commitments to the commissioner of corrections for imprisonment of the defendant are without minimum terms except when sentence is to life imprisonment as required by law and except that any commitment following conviction wherein the defendant had in his possession a firearm or used a dangerous weapon at

the time of the offense shall be for a term of not less than three years, nor more than the maximum sentence provided by law for the offense for which convicted, and such person shall not be eligible for parole until he shall have served the full minimum sentence herein provided, notwithstanding the provisions of Minnesota Statutes, Sections 242.19, 243.05 and 609.12. The offenses for which mandatory minimum sentences shall be served as herein provided are: aggravated assault, burglary, kidnapping, manslaughter, murder in the second or third degree, rape, robbery, sodomy, escape while under charge or conviction of a felony, or discharge of an explosive or incendiary device.

"Provided, however, the court may invoke the provisions of Minnesota Statutes, Section 609.135, if the defendant has not previously been convicted of any crime or ordinance involving possession of a firearm, other than a game law violation, or use of a dangerous weapon, or the defendant has not previously been convicted of aggravated assault, burglary, kidnapping, manslaughter, murder in the second or third degree, rape, robbery, sodomy, escape while under charge or conviction of a felony, or discharge of an explosive or incendiary device." L.1974, c. 32, § 1. The law

a legislative effort to deter through an assured prison sentence the use of weaponry in crime.

Given the different purposes of the statutes, I do not find it entirely reasonable to divine a legislative intent to apply principles of the extended term statute to § 609.11. But more importantly, the wording of the two statutes differs. If the legislature had intended to apply the sequential requirements of § 609.155 to § 609.11, it could have used the clear and direct language of that section.[4] It did not do so. The words it chose have a plain meaning. Defendant has twice been convicted of an offense wherein he had in his possession a firearm, and his commitment must therefore be for a term of not less than 3 years. I would affirm.

SHERAN, Chief Justice (dissenting).

I agree with the dissent. In my view there is no ambiguity in the statute.

PETERSON, Justice (dissenting).

I join in the dissent of Mr. Justice Kelly.

WAHL, J., not having been a member of this court at the time of the submission, took no part in the consideration or decision of this case.

---

amending § 609.11 to its instant form was passed with the Pistol Regulation Act, L.1975, c. 378.

4. Minn.St. 609.155, subd. 2, provides: "Whoever, having previously been convicted of one or more felonies, commits another felony other than murder in the first degree may upon conviction thereof be sentenced to an extended term of imprisonment if [certain conditions are met]."