**STATE of Minnesota, Respondent,**

v.

**James MALLORY, Appellant.**

No. C6–82–802.

Supreme Court of Minnesota.

Jan. 28, 1983.

---

C. Paul Jones, Public Defender, and Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Robert Carolan, County Atty., and Chester A. Diemer, Asst. County Atty., Hastings, for respondent.

AMDAHL, Chief Justice.

This is an appeal from judgment of conviction which raises only a sentencing issue. We affirm.

Defendant was convicted of aggravated robbery and was sentenced by the trial court to a Guidelines sentence of 90 months. This sentence was imposed pursuant to Minn.Stat. § 609.11, subd. 5 (1982), which provides that "Any defendant convicted of a second or subsequent offense in which the defendant or an accomplice, at the time of the offense, used a firearm shall be committed to the commissioner of corrections for a mandatory minimum term of imprisonment of not less than 5 years * * *." A 5-year minimum term translates into a Guidelines sentence of 90 months. Minnesota Sentencing Guidelines and Commentary, II.E. (1982). Defendant argues that the offense for which he was sentenced, aggravated robbery, was not his second offense involving use of a firearm and that therefore a minimum term of only 3 years, which translates into a Guidelines term of 54 months, should have been imposed. The state argues that we should affirm.

On August 26, 1981, defendant and two accomplices entered the townhouse of an assistant manager of the K-Mart Store in Burnsville. Defendant and one of his accomplices forced this man at gunpoint to drive to the store, telling him that if he did not he would never see his wife and his 6½ week-old daughter again. The other accomplice drove the wife and infant away. After getting $10,000 from the store, defendant and the accomplice with him forced the man to drive to south Minneapolis, where they made him leave the car. The victim then called the police, who found the wife and infant daughter a short time later, also in south Minneapolis.

On October 27, 1981, defendant and two others were burglarizing a home in Minnetonka when the residents drove up, parked the car and entered the house. Instead of fleeing, defendant and his accomplices threatened the victims at gunpoint, robbed them, tied them up, and stole their car. Defendant was arrested that same day and charged with the Hennepin County (Minnetonka) offenses. On January 8, 1982, he was convicted of burglary and two counts of aggravated robbery.

On January 19, 1982, a complaint was filed against defendant in Dakota County charging him with aggravated robbery, burglary, and three counts of kidnapping in connection with the K-Mart robbery. On January 25, 1982, defendant was sentenced in Hennepin County to a 54-month Guidelines sentence (3-year minimum). Defendant pleaded guilty in Dakota County to aggravated robbery in return for a dismissal of the other counts on March 8, 1982. The dispute at sentencing was over whether this offense was a "second" offense within the meaning of Minn.Stat. § 609.11, subd. 5

(1982). The trial court held that it was and imposed the Guidelines equivalent of a 5-year minimum term. The judge made the term a concurrent term even though he could have made it consecutive pursuant to Minnesota Sentencing Guidelines and Commentary, II.F.1. (1982). This appeal followed, with defendant seeking reduction of the sentence from 90 months to 54 months.

An appropriate starting point is our decision in *State v. Simmons,* 258 N.W.2d 908 (Minn.1977). In that case the defendant pleaded guilty to two offenses involving use of a firearm, one on September 20, 1975, and one on September 22, 1975. The parties agreed that the defendant should receive concurrent sentencing and agreed that the appropriate sentence for the September 20 offense was a minimum term of 1 year and 1 day in prison, which was then the basic minimum term for a first offense involving use of a firearm. The disagreement was over whether the 3-year minimum term for second convictions involving use of a firearm applied to the conviction for the September 22 offense. The trial court ruled that it did.

The statute at issue in *Simmons* read as follows:

All commitments to the commissioner of corrections for imprisonment of the defendant are without minimum terms except when sentence is to life imprisonment as required by law and except that any commitment following the defendant's first conviction of an offense wherein he had in his possession a firearm or used a dangerous weapon at the time of the offense shall be for a term of not less than one year plus one day, nor more than the maximum sentence provided by law for the offense for which convicted, and *except that any commitment following defendant's second or subsequent conviction of an offense wherein he had in his possession a firearm or used a dangerous weapon at the time of the offense shall be for a term not less than three years * * *.* [emphasis added].

Minn.Stat. § 609.11, subd. 1 (1976). In construing this statute, we ruled that the 3-year term did not apply unless the second offense occurred after the conviction for the first offense. Our opinion stated, in part, as follows:

We believe that in the area of minimum and extended sentences the legislature has an obligation to state its intentions as clearly as possible. When it cannot be said with certainty that the legislature intended to authorize the imposition of a minimum term or an extended term in a particular situation, the presumption must be that the legislature did not intend to do so. This follows partly from the general rule of certainty as to criminal statutes, which is that criminal statutes must be sufficiently clear and definite to inform a person of ordinary intelligence what conduct is punishable and how severe the punishment might be. *See State v. Bell,* 280 Minn. 55, 157 N.W.2d 760 (1968). It also follows partly from the fact that the traditional legislative approach has been * * * to permit sentencing to an increased term under extended term statutes only when the principal offense for which the defendant is convicted and sentenced was committed after conviction of the offense or offenses forming the basis for the extended term. *See * * * State v. McKenzie,* [182 Minn. 513, 235 N.W. 274 (1931)], Annotation, 24 A.L.R.2d 1247. Presumably, if the legislature had intended to deviate from the traditional approach taken in habitual offender legislation, it would have done so clearly and explicitly. Here, the legislature did not clearly express an intention that the enlarged minimum term of 3 years apply to a second offense occurring before the conviction of the first offense, and therefore we hold that the district court did not have authority to enlarge the minimum term to 3 years.

258 N.W.2d at 910.

The relevant subdivision of the statute now reads as follows:

Any defendant convicted of an offense listed in subdivision 9 in which the defendant or an accomplice, at the time of

the offense, used, whether by brandishing, displaying, threatening with, or otherwise employing, a firearm, shall be committed to the commissioner of corrections for a mandatory minimum term of imprisonment of not less than three years, nor more than the maximum sentence provided by law. *Any defendant convicted of a second or subsequent offense in which the defendant or an accomplice, at the time of the offense, used a firearm shall be committed to the commissioner of corrections for a mandatory minimum term of imprisonment of not less than five years, nor more than the maximum sentence provided by law.*

Minn.Stat. § 609.11, subd. 5 (1982) (emphasis added). Apparently the legislature's changing of the language of the statute to "a second or subsequent offense" was designed to address the issue considered in *Simmons.* This being so, the only issue is whether an offense can be a "second" offense, subject to a 5-year minimum term, even if it was committed before the one for which the defendant received the 3-year minimum term. We believe that it can be and that any other interpretation would place unjustified meaning in the order of conviction and sentence, requiring a 5-year minimum term if the defendant were convicted and sentenced in the same sequence as the two offenses were committed but not if the defendant were convicted and sentenced out of that sequence. We do not believe that that was the legislature's intent.

Affirmed.