675 N.W.2d 628 (2004)
David Wayne WASHINGTON, Appellant,
v.
STATE of Minnesota, Respondent.
No. A03-1633.
Supreme Court of Minnesota.
March 11, 2004.
*629 David Wayne Washington, Minnesota Correctional Facility, Bayport, for Appellant.
Mike A. Hatch, Minnesota Attorney General, St. Paul, James C. Backstrom, Dakota County Attorney, and Kathryn M. Keena, Assistant Dakota County Attorney, Dakota County Judicial Center, Hastings, for Respondent.
Considered and decided by the court en banc without oral argument.

OPINION
GILBERT, Justice.
A jury convicted appellant, David Wayne Washington, of first-degree premeditated murder, conspiracy to commit first-degree premeditated murder, and two counts of second-degree murder. Appellant appeals from the postconviction court's summary denial of his petition for postconviction relief. Appellant argues that the post-conviction court abused its discretion by refusing to grant a hearing and denying his petition. We affirm the postconviction court.
On November 6, 1992, Edward ODneal's body was found in Lilydale Park in St. Paul. State v. Washington, 521 N.W.2d 35, 37 (Minn.1994). A jury convicted appellant of ODneal's murder. Id. On direct appeal, we addressed two issues in affirming appellant's conviction. First, we held that the prosecutor's improper references to appellant's character during closing argument did not substantially influence the jury to convict. Id. at 41. Second, we held that the admission of a witness's statements constituted harmless error because other evidence overwhelmingly showed appellant's guilt. Id. at 42.
Appellant petitioned the district court for postconviction relief on five occasions. All five petitions, which appellant undertook pro se, were denied summarily. Appellant's first, fourth, and fifth petitions were denied by Judge Thomas R. Lacy, while petitions two and three were denied by then First District Chief Judge Leslie M. Metzen. Appellant refrained from appealing the denial of relief in his first four petitions, but now chooses to appeal the denial of his fifth petition asserting that: (1) the trial court erroneously admitted the statements of codefendant Michael Wordlow into evidence while Wordlow was under psychological evaluation; (2) the trial court erroneously entered appellant's admission to police into evidence; (3) Judge Lacy impermissibly ruled on a motion to remove himself from postconviction proceedings; (4) the trial court erroneously omitted CRIMJIG 3.18, a cautionary jury instruction regarding accomplice testimony; and (5) appellant received ineffective assistance of counsel due to counsel's failure to object to the omission of CRIMJIG 3.18. CRIMJIG 3.18, 10 Minn. Dist. Judges Ass'n, Minnesota Practice  Jury Instruction Guides, Criminal, § 3.18 (4th ed.1999) (hereinafter "CRIMJIG 3.18").
Minnesota Statutes § 590.04, subd. 1 requires the postconviction court to schedule a hearing on a petition for post-conviction relief, unless the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no *630 relief. Minn.Stat. § 590.04, subd. 1 (2002). "On appeal from a summary denial of postconviction relief, we examine whether sufficient evidence exists to support the postconviction court's findings and will reverse those findings only upon proof that the postconviction court abused its discretion." Ives v. State, 655 N.W.2d 633, 635 (Minn. 2003) (citing Roby v. State, 547 N.W.2d 354, 356 (Minn.1996)).
In State v. Knaffla, we held that any issues raised on direct appeal, or known by the defendant but not raised on direct appeal, are not considered in a subsequent petition for postconviction relief. 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976). There are two exceptions to the Knaffla rule relevant to the present case: (1) where a novel legal issue is presented; or (2) where the interests of fairness require relief. Dukes v. State, 621 N.W.2d 246, 251 (Minn.2001).
First, appellant argues that the trial court erred by admitting the witness testimony of Michael Wordlow into evidence. Appellant contends that during the trial Wordlow's mental state was under evaluation and admitting his statements violated Minn. R.Crim. P. 20.01, subd. 2. It is evident from the trial transcript that the trial court addressed the issue of Wordlow's testimony and heard arguments from both parties prior to finding Wordlow's testimony admissible. Clearly, appellant was aware of this issue before his direct appeal, yet chose not to raise the issue at that time. Therefore, appellant's claim with respect to the testimony of Michael Wordlow is procedurally barred by Knaffla, 309 Minn. at 252, 243 N.W.2d at 741.
Second, appellant argues that the trial court should have suppressed a written statement he gave to the Dakota County police on November 6, 1992. Appellant contends that the statements were obtained during a custodial interrogation and that admitting them into evidence denied him his privilege against self-incrimination. In appellant's view this error warranted a postconviction hearing, which was denied to him by the postconviction court. At appellant's omnibus hearing, he moved the trial court to suppress all statements and admissions he had given to police. The trial court considered arguments from both parties, made findings of fact, and denied appellant's motion. Appellant's motion on this specific issue unequivocally demonstrates that he knew of the suppression issue before direct appeal but elected not to raise it. Therefore, appellant's claim with respect to suppression of his statements to police is procedurally barred by Knaffla. Id.
Third, appellant appeals the postconviction court's denial of his motion to remove Judge Lacy. It appears from the record that appellant raised the identical motion for removal of postconviction Judge Lacy on three occasions. In each motion to remove Judge Lacy appellant contended that Judge Lacy, motivated by bias, issued an adverse ruling regarding the testimony of Michael Wordlow and omitted the accomplice testimony jury instruction. See CRIMJIG 3.18.
In August 2000 and March 2001, Chief Judge Metzen denied appellant's first two motions to remove Judge Lacy. Appellant did not seek appellate review of either of Chief Judge Metzen's rulings. Instead, in appellant's fifth petition for postconviction relief, he reiterated his motion to remove Judge Lacy. Judge Lacy denied the petition, including the motion to remove himself from the proceedings, summarily. Thereafter, appellant appealed to this court citing Minn. R.Crim. P. 26.03, subd. 13(3), which states, "A request to disqualify a judge for cause shall be heard and determined by the chief judge of the judicial district * * *."
On appeal, appellant asserts that, although his first two motions were ruled *631 upon by the chief judge of the district, Judge Lacy was prohibited from ruling upon a motion to remove himself. Minn. R.Crim. P. 26.03, subd. 13(3). Appellant did not raise the issue of judicial bias on direct appeal nor did he appeal previous failed motions to remove Judge Lacy. Given appellant's basis for alleging judicial bias, it is clear that he knew of the issue prior to direct appeal. In a successive petition for postconviction relief, "we will not consider claims which appellant raised or knew of and could have raised in earlier review."[1]Wayne v. State, 601 N.W.2d 440, 441 (Minn.1999) (citing Knaffla, 309 Minn. at 252, 243 N.W.2d at 741 (1976)). We therefore conclude that appellant's motion is procedurally barred.
Finally, appellant argues that the trial court omitted CRIMJIG 3.18, a cautionary jury instruction regarding accomplice testimony. Appellant's claim is frivolous and without merit because, as the transcript plainly demonstrates, CRIMJIG 3.18 was in fact provided to the jury. Consequently, appellant's claim that he received ineffective assistance of trial counsel due to counsel's failure to object to the omission of CRIMJIG 3.18 is also frivolous and without merit.
We therefore hold that the postconviction court did not abuse its discretion in denying appellant's petition without a hearing.
Affirmed.
NOTES
[1] Although unnecessary to our decision, it is important to note that, in accord with Rule 26.03, Chief Judge Metzen ruled on appellant's first and second motions to remove Judge Lacy before Judge Lacy ruled on the motion himself. Further, the extensive trial court record and transcript lack any indication that Judge Lacy acted with bias. Appellant has failed to identify any ground to support his assertion of bias. A single adverse evidentiary finding by itself does not demonstrate a lack of impartiality or support a claim of bias. McKenzie v. State, 583 N.W.2d 744, 747 (Minn.1998).