**Dallas Lee THOMPSON, petitioner, Appellant,**

**v.**

**STATE of Minnesota, Respondent.**

**No. A04–682.**

Supreme Court of Minnesota.

Feb. 10, 2005.

Dallas Lee Thompson, Bayport, MN, *pro se*.

Mike Hatch, Attorney General, St. Paul, MN, Robert M.A. Johnson, Anoka County Attorney, Robert D. Goodell, Assistant Anoka County Attorney, Anoka, MN, for Respondent.

## OPINION

ANDERSON, G. BARRY, Justice.

Dallas Lee Thompson was found guilty of two counts of first-degree premeditated murder, Minn.Stat. § 609.185(a)(1) (2004); and two counts of first-degree murder while committing a burglary, Minn.Stat. § 609.185(a)(3) (2004), for the 1995 shooting deaths of Michelle Eardley and her mother, Susan Eardley. The underlying facts can be found at *State v. Thompson*, 578 N.W.2d 734 (Minn.1998). The district court imposed a sentence of two consecutive life terms. *Id.* at 739. On direct appeal, we affirmed Thompson's conviction and sentence. *Id.* at 743. Thompson appeals from the order of the postconviction court denying without a hearing his petition for postconviction relief. Because all of the issues raised in this petition could have been raised in Thompson's direct appeal, we affirm.

On February 5, 2004, Thompson, representing himself, filed for postconviction relief.[1] The district court denied Thompson's petition without a hearing stating that the "files and records of the proceedings conclusively show that petitioner is entitled to no relief." Thompson appealed to our court.[2]

■ In this postconviction appeal, Thompson raises two issues: First, he contends that the statutes under which he was sentenced did not contain either the enacting clause or the title required by the Minnesota Constitution. Thompson therefore argues that the statutes were null and void and that there was no crime for him to commit. Second, Thompson claims that

---

1. Thompson filed what he captioned, "Memorandum and Motion to Dismiss For Lack of Subject Matter Jurisdiction," along with an "Affidavit in Support of Memorandum and Motion to Dismiss/Vacate for Lack of Subject Matter Jurisdiction."

2. Thompson filed what he captioned, "Petition for Appeal From Adverse Decision by the Tenth Judicial District Court," along with an

"Affidavit in Support of Memorandum and Motion to Dismiss/Vacate for Lack of Subject Matter Jurisdiction." In this Petition, Thompson raises, for the first time, the argument that the fringe on the flag deprived the judge of authority to sentence him. The state asserts that Thompson's failure to raise the flag claim in the district court prevents us from even addressing it.

the gold-fringed United States and Minnesota flags present in the courtroom when he was tried were military flags that suspended "the State Constitution and the judge's 'Oath of Office.'" He therefore contends that the judge had no authority to sentence him because the judge was "merely an actor in a black robe."

■ We review a postconviction court's rulings under an abuse of discretion standard. *Henderson v. State*, 675 N.W.2d 318, 322 (Minn.2004). On issues of law, we review the postconviction court's conclusions de novo. *Butala v. State*, 664 N.W.2d 333, 338 (Minn.2003). Once a defendant has directly appealed a conviction, we will not consider in a subsequent postconviction proceeding any matters that were raised in that appeal or were known at the time of that appeal. *State v. Knaffla*, 309 Minn. 246, 243 N.W.2d 737, 741 (1976).

■ Two exceptions to *Knaffla* allow for postconviction relief despite the fact that the claims could have been raised on direct appeal: (1) where a novel legal issue that was not reasonably available to petitioner at the time of the direct appeal is presented; or (2) where the interests of fairness and justice require relief. *Washington v. State*, 675 N.W.2d 628, 630

(Minn.2004). When fairness so requires, the petitioner must not have "deliberately and inexcusably" failed to raise the issue on direct appeal. *Greer v. State*, 673 N.W.2d 151, 155 (Minn.2004). Claims decided in the interests of justice also require that the claims have substantive merit. *King v. State*, 649 N.W.2d 149, 157 (Minn.2002).

Thompson does not argue that the exceptions to *Knaffla* apply to either of the issues he raises. Thompson does not claim that he did not know or could not have known about the fringe on the flags at the time of the direct appeal. Similarly, whether Minn.Stat. §§ 609.185(a)(1) and 609.185(a)(3) (1994) were enacted with a proper enacting clause and title could have been easily determined and raised at the time of Thompson's direct appeal.[3] We conclude that Thompson's claims are barred by the rule in *Knaffla*.

Because we conclude that Thompson's claims are barred by our decision in *Knaffla*, we also conclude that the postconviction court did not abuse its discretion in denying Thompson's petition.

Affirmed.

3. While unnecessary to the resolution of this case, we note that Thompson's enacting clause claim also fails on its merits. The session laws in question included both titles and enacting clauses. Act of May 17, 1963, ch. 752, 1963 Minn. Laws 1185, 1200 (codified at Minn.Stat. § 609.185(a)(1)); Act of May 19, 1981, ch. 227, 1981 Minn. Laws 1006, 1009 (codified at Minn.Stat. § 609.185(a)(3)). We also previously determined that the title to the 1963 law conformed to the Minnesota Constitution. *State v. Harris*, 277 Minn. 351, 354, 152 N.W.2d 728, 730 (1967). The title to the 1981 law is significantly similar to the 1963 law.

Neither are the statutes voided when published by the Revisor of Statutes. Minnesota Statutes § 3C.07 (2004) states: "[T]he laws contained in Minnesota revised statutes are continuations of the acts from which compiled and are not new enactments." The Revisor merely arranges and renumbers sections of the laws. The Revisor's Office explains: "A compilation is never enacted by the legislature as law. It is therefore, not law but merely evidence of it. The original session laws remain the law, and in case of conflict between the compilation and the session laws, the session laws prevail." Minn.Stat., Vol. 1, Preface, xi.