STATE v. JOHNNY LEE MASTER.

252 N. W. 2d 859.

April 8, 1977—No. 46291.

---

C. *Paul Jones*, State Public Defender, for appellant.

*Warren Spannaus*, Attorney General, *William B. Randall*, County Attorney, and *Darrell C. Hill*, Assistant County Attorney, for respondent.

PER CURIAM.

Defendant was found guilty by a district court jury of aggravated assault, Minn. St. 609.225, subd. 1, and was sentenced by the trial court to a minimum 3-year term in prison pursuant to Minn. St. 1974, § 609.11, subd. 1. On this appeal from judgment of conviction defendant contends that there was, as a matter of law, insufficient evidence of his guilt and that the trial court erred (a) in permitting the prosecutor to impeach him by means of a prior conviction, (b) in the way it handled a request by the jury for information, and (c) in sentencing him to a 3-year minimum term pursuant to Minn. St. 1974, § 609.11, subd. 1. We affirm.

There is no merit to the issue relating to the sufficiency of the evidence, and defendant's trial counsel expressly waived any right to challenge on appeal the manner in which the court handled the jury's request for information.

We agree with defendant that the 8-year-old crime about which the prosecutor was permitted to question him arguably had very little relevance to the truth-seeking process or to defendant's present character, but this is not a case like State v. Stewart, 297 Minn. 57, 209 N. W. 2d 913 (1973), where the interests of justice warrant granting the defendant a new trial on this ground.

In sentencing defendant to a minimum 3-year term the trial court relied on Minn. St. 1974, § 609.11, subd. 1. Defendant contends that the court should have sentenced defendant only to a minimum of 1 year and 1 day, as required by Minn. St. 1975, § 609.11, subd. 1, because the 1975 amendment became effective on August 1, 1975, and the trial occurred after that date. However, the key date is not the trial date but the date on which the offense occurred. Here the offense occurred during the period between August 1, 1974, and August 1, 1975, when the statute pursuant to which defendant was sentenced was effective. See, State v. Spencer, 311 Minn. 222, 248 N. W. 2d 915 (1976).

Affirmed.