**STATE of Minnesota, Respondent,**

v.

**Douglas E. WEINANDT, Appellant.**

**No. 81-553.**

Supreme Court of Minnesota.

July 24, 1981.

Friedberg & Peterson, Minneapolis, for appellant.

Merlyn Anderson, County Atty., Slayton, Warren Spannaus, Atty. Gen., Gary Hansen and Norman Coleman, Jr., Sp. Asst. Attys. Gen., St. Paul, for respondent.

## OPINION

SHERAN, Chief Justice.

This is an appeal from sentences for two convictions of criminal sexual conduct in the first degree against one victim, but not based on the same behavioral incident, and one conviction of criminal sexual conduct in the second degree against a different victim. The trial court, proceeding under the Guidelines even though the crimes were committed before May 1, 1980, the effective date of the Guidelines, sentenced defendant to prison terms of 43 months each for the two convictions involving the one victim and a 21-month stay of imposition for the conviction involving the other victim, with "the three sentences imposed herein [to] run consecutively."

It is undisputed that if the Guidelines were applicable to this case, the imposition of consecutive sentences for the two convictions involving the same victim would constitute a departure requiring justification by the sentencing judge. Defendant's contention is that although the Guidelines do not apply, the sentencing judge expressed his intent to follow the Guidelines in this case without departure and that therefore the sentences should be reformed to comply with the Guidelines.

Since the sentences were for crimes committed before the Guidelines became effective, the defendant has no right under Minn.Stat. § 244.11 (1980) to appeal the sentences to this court. *State v. Frost,* 306 N.W.2d 803 (Minn.1981). However, as in *Frost,* we could treat the appeal as one from judgment of conviction and address the sentencing issue raised if the issue were one that we traditionally considered on appeal before the legislation authorizing appellate review of sentences became effective. Thus, if defendant claimed his sentences were illegal under the laws in effect at the time he committed the crimes, we could consider the claim. Defendant contends, however, not that his sentences were illegal but that the trial court, although not bound to follow the Guidelines, expressed an intent to do so without departure and that therefore the sentences should be reformed so that they are consistent with that intent. Defendant's remedy if he believes that the sentences do not reflect the sentencing court's intent is to petition under Minn.R.Crim.P. 27.03, subds. 8–9, for correction of the sentence.

Appeal dismissed.