**Douglas E. WEINANDT, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. 82–352.**

Supreme Court of Minnesota.

Oct. 6, 1982.

C. Paul Jones, Public Defender, and Ann Remington, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Norman B. Coleman, Jr. and Marvin J. Green, Spec. Asst. Attys. Gen., St. Paul, Merlyn Anderson, County Atty., Slayton, for respondent.

AMDAHL, Chief Justice.

This is an appeal by Douglas Edward Weinandt, age 37, from an order of the Murray County District Court denying his petition for postconviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn. Stat. § 590.01, subd. 3 (Supp.1981). We affirm.

In 1981 petitioner was convicted of two counts of criminal sexual conduct in the first degree and one count of criminal sexual conduct in the second degree, Minn.Stat. §§ 609.342(b) and 609.343(a) (1980), for acts of criminal sexual misconduct occurring before the Sentencing Guidelines became effective on May 1, 1980. The two counts of criminal sexual conduct in the first degree were based on acts against the same victim, the first on February 1, 1978, and the second on January 10, 1980. The other act of sexual misconduct involved a separate victim and occurred in March of 1980. The trial court sentenced petitioner to consecutive 43-month prison terms for the two counts of criminal sexual conduct in the first degree. The court also sentenced petitioner for the other offense but that sentence is not a subject of this proceeding. Petitioner's release and sentence expiration dates are the same, February 6, 1986.

Petitioner's criminal history score at the time of sentencing would have been zero if the Sentencing Guidelines had been in effect at the time the crimes were committed. Criminal sexual conduct in the first degree is a severity level VIII offense. The presumptive sentence for that offense by one with a criminal history score of zero is 43 months in prison. As we stated in *State v. Weinandt,* 308 N.W.2d 715 (Minn.1981),

when we dismissed petitioner's appeal from sentence, if the Guidelines had been in effect at the time, consecutive sentencing would have constituted a departure requiring justification by the trial court. If petitioner were resentenced to concurrent 43-month prison terms, petitioner would be entitled to release from prison as early as September 16, 1983, and his sentences would expire on November 24, 1984.

In *State v. Champion,* 319 N.W.2d 21, 23 (Minn.1982), we stated that "we generally will not interfere with the postconviction court's refusal to make the finding that is prerequisite to resentencing, at least in cases in which the petitioner is serving a sentence for a violent offense or has a record suggesting that he is likely to engage in criminal conduct after his release." In this case petitioner is serving consecutive 43-month prison terms for very serious offenses committed against the same victim. He also was convicted of committing a similarly serious offense against a different victim. Petitioner had the burden of overcoming the negative factors and proving that his early release from sentences would not present a danger to the public and would not be incompatible with the welfare of society. The district court properly concluded that petitioner failed to. meet this burden.

Although the district court erred in stating that petitioner could not maintain the postconviction proceeding without first exhausting his administrative remedy, that error does not entitle petitioner to a remand for reconsideration of his petition because the postconviction court made it clear that he was unable to find that petitioner's early release from sentences would not present a danger to the public and would not be incompatible with the welfare of society. Petitioner's claim that the matter should be remanded for a formal evidentiary hearing is also without merit because petitioner has failed to establish that there are any material facts in dispute other than the ultimate

question of whether his early release would present a danger to the public and would be incompatible with the welfare of society.

Petitioner remains subject to the jurisdiction of the Commissioner of Corrections.

Affirmed.