**Robert Carl PIRINGER, Jr.,
petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

No. 82–797.

Supreme Court of Minnesota.

Jan. 14, 1983.

Richard J. Cohen, St. Paul, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Robert Kelly, County Atty., and Wm. F. Klumpp, Jr., Asst. County Atty., Stillwater, for respondent.

AMDAHL, Chief Justice.

This is an appeal by Robert Carl Piringer, Jr., age 26, from an order of the Washington County District Court denying his petition for postconviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn. Stat. § 590.01, subd. 3 (Supp.1981). We affirm.

On April 7, 1980, petitioner kidnapped a young woman, took her to a wooded area, removed her clothes, tied her to a tree, cut her breasts and vagina, forced her to submit to fellatio and sexual intercourse, and then cut off her pubic hair with a knife. After discovering that his car was stuck, he walked her to a different area, where he again tied her up, and left her while he went to obtain help in freeing his car. The victim then escaped and obtained help.

Petitioner was originally charged with criminal sexual conduct in the first degree and kidnapping but, pursuant to a plea agreement, was permitted to plead guilty to criminal sexual conduct in the first degree. The trial court sentenced petitioner for that offense to 1 year and 1 day to 20 years in prison. Petitioner's sentence will expire in September of 1993. His current target release dated is March of 1993.

Criminal sexual conduct in the first degree is a severity level VIII offense. If the Sentencing Guidelines had been in effect at the time of the offense, petitioner's criminal history score at the time of sentencing would have been zero. The presumptive sentence for a severity level VIII offense by a person with a criminal history score of zero is 43 (41–45) months in prison.

In State v. Champion, 319 N.W.2d 21, 23 (Minn.1982), we stated that "we generally will not interfere with the postconviction court's refusal to make the finding that is prerequisite to resentencing, at least in cases in which the petitioner is serving a sentence for a violent offense or has a record suggesting that he is likely to engage in criminal conduct after his release." Petitioner is serving a sentence for a violent offense which he committed in an extremely violent manner. Petitioner had the burden of overcoming that and other negative factors and proving that his early release from sentence would not endanger the public and would not be incompatible with the

welfare of society. The district court concluded that petitioner failed to meet this burden, and we agree.

Petitioner remains subject to the jurisdiction of the Commissioner of Corrections.

Affirmed.