STATE of Minnesota, Appellant,

v.

Robert Duane BENSON, a.k.a. Robert John Hanson, Respondent.

No. C1–82–1341.

Supreme Court of Minnesota.

March 18, 1983.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Tom Foley, County Atty., and Steven C. DeCoster, Asst. County Atty., St. Paul, for appellant.

Larry Laine, St. Paul, for respondent.

AMDAHL, Chief Justice.

This is a sentencing appeal by the state. The issue is whether the trial court was

justified in imposing a 32-month sentence rather than the presumptive sentence of 41 (37–45) months because of the court's belief that defendant misunderstood when he pleaded guilty that the presumptive sentence was 32 months.

Defendant is a 31-year-old man with a record of four nontraffic misdemeanor convictions and four prior burglary convictions. He was released from Stillwater Prison in February of 1982 and was arrested in March for burglarizing a house in St. Paul. He was charged by complaint with one count of burglary with a tool and one count of burglary of an occupied dwelling.

On June 10, 1982, defendant appeared in district court, represented by counsel, and entered a guilty plea to the charge of burglary with a tool. The plea agreement was that the other charge would be dismissed, that the court would not depart upward from the presumptive sentence, and that the court would limit the time defendant would be subject to some form of supervision to 5 years. The trial court then asked defendant's attorney what the presumptive sentence was as he had computed it. Defendant's attorney said that he had talked with defendant's probation officer in another county, who said that defendant had four prior felony convictions and that defendant was under parole supervision at the time of the offense, giving defendant a criminal history score of five. The presumptive sentence for the offense (severity level IV) by a person with a criminal history score of five is 32 (30–34) months in prison. The trial court asked defendant if he understood that the presumptive sentence would be 32 months, and defendant said yes. When defendant was asked if he had any misdemeanor convictions for other than traffic offenses defendant said no.

At the conclusion of the hearing, the trial court set sentencing for June 25.

The sentencing worksheet which was subsequently prepared showed that defendant had four prior misdemeanor convictions for nontraffic offenses, giving him one misdemeanor/gross misdemeanor point and changing his criminal history score from five to six. The presumptive sentence for a severity level IV offense by a person with a criminal history score of six or more is 41 (37–45) months in prison. The probation officer's memorandum form of presentence investigation report stated that there were no aggravating or mitigating factors to consider.

At the sentencing hearing, held on June 25, defense counsel explained that when he told the court on June 10 that defendant's criminal history score was five he was relying on information that he had received from defendant's probation officer in another county. He urged the court to stick with the 32-month sentence mentioned at the June 10 hearing. The trial court, recognizing that the sentence constituted a downward durational departure, sentenced defendant to a term of 32 months in prison. This appeal followed.

We agree with the state that the trial court was not justified in imposing the 32-month sentence. Defendant was not promised 32 months by the state. He was told by the court that the court would not depart upward from the presumptive sentence, and it was defendant's understanding, based on what his counsel told him, that the presumptive sentence was 32 months, based on a criminal history score of five. However, defendant told the court that he had no prior misdemeanor convictions for nontraffic offenses although in reality he had four. This meant that the correct presumptive sentence was six, not five.

Under the circumstances, the imposition of a 32-month sentence constituted a downward durational departure, as the court recognized. The fact that defendant mistakenly understood that the presumptive sentence was 32 months is not a ground for the departure but would be a ground for letting him withdraw the guilty plea and stand trial on the original charges. Alternatively, the defendant could let the trial court re-

sentence him, and presumably the court would sentence defendant to the shortest sentence within the presumptive sentence range, 37 months. This sentence could also be imposed if defendant went to trial and were found guilty only of burglary with a tool. The maximum presumptive sentence that could be imposed if defendant were convicted of burglary of an occupied dwelling (severity level VI) would be 65 (60–70) months in prison.

Remanded.