**STATE of Minnesota, Respondent,**

v.

**Elmer Carl ANDREN, Appellant.**

**No. C1–84–310.**

Court of Appeals of Minnesota.

May 15, 1984.

William G. Peterson, Bloomington, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, R. Kathleen Morris, Scott County Atty., Shakopee, for respondent.

Considered and decided by POPOVICH, C.J., and PARKER and WOZNIAK, JJ.

## OPINION

POPOVICH, Chief Judge.

This is a sentencing appeal. After pleading guilty to criminal sexual conduct in the second degree, Minn.Stat. § 609.343(a) (1982), appellant received the presumptive executed sentence with an upward durational departure. Appellant claims the trial court erred in refusing to depart dispositionally and in departing durationally. We affirm the refusal to depart dispositionally but reverse and remand for resentencing in conformity with the presumptive durational sentence.

## FACTS

On January 27, 1983, appellant motioned to a seven-year-old girl to enter his house. She was walking home from school when she passed appellant's house. Once inside the house, appellant began moving his hands around her clothed body, unsnapped her pants, placed his hands inside her underpants, and touched her buttocks and vagina. After removing his hand and snapping her pants, appellant had the child hug and kiss him. Appellant allowed her to leave after warning her not to tell her mother.

Appellant, age 68, pleaded guilty to criminal sexual conduct in the second degree under Minn.Stat. § 609.343(a) (1982). Appellant had been convicted of a similar offense in 1978. Under Minn.Stat. § 609.346 (1982) and the 1984 Minnesota Sentencing Guidelines, the presumptive sentence for appellant was 36 months executed. The trial court refused a request for a third psychological evaluation and imposed an executed sentence of 54 months.

## ISSUES

1. Whether the trial court's refusal to depart from the presumptive disposition of the Sentencing Guidelines was error?

2. Whether the trial court's upward durational departure from the presumptive sentence of the Guidelines was error?

## ANALYSIS

1. Presumptive sentences are seldom overturned. *State v. Back*, 341 N.W.2d 273, 275 (Minn.1983); *State v. Abeyta*, 336 N.W.2d 264, 265 (Minn.1983) (refusal to make. dispositional departure and place defendant on probation); *State v. Kraft*, 326 N.W.2d 840, 842 (Minn.1982); *State v. Kindem*, 313 N.W.2d 6, 7–8 (Minn. 1981); *State v. Pickett*, 343 N.W.2d 670, 673 (Minn.App.1984) (refusal to make dispositional departure and place defendant on probation).

Appellant claims his age and the trial court's refusal to allow a third evaluation of his amenability to treatment are substantial and compelling reasons justifying probation. *See* Minnesota Sentencing Guidelines § II.D.

These contentions are neither substantial nor compelling. Appellant is an adult and his age does not excuse responsibility for his actions. The trial court's refusal to allow a third psychological evaluation was not improper either. Appellant had already been found unamenable to treatment by two evaluators and sentencing was delayed five months during those evaluations. Appellant was also convicted of a similar offense in 1978. In addition to this conviction, appellant admitted a pattern of abusive behavior, including abuse of a daughter and an adolescent granddaughter. The presumptive disposition was proper in this case.

2. The trial court decided to depart upward from the presumptive duration based on appellant's likelihood of repeating his conduct and the victim's young age. The likelihood of repeated criminal acts may be grounds for a dispositional departure, but is not grounds for a durational departure. *Jackson v. State*, 329 N.W.2d 66, 67 (Minn.1983); *State v. Chase*, 343 N.W.2d 695, 697 (Minn.App.1984).

A durational departure based on several aggravating factors including the victim's age has been allowed in extraordinary cases. *See State v. Cermak*, 344 N.W.2d 833 (Minn.1984). This is a typical case, the type the legislature must have considered when determining the presumptive sentence for criminal sexual conduct in the second degree.

There is no question that the victim in this case was particularly vulnerable due to age and that normally the trial court would be justified in relying on that as an aggravating factor justifying a durational departure. *State v. Erickson*, 313 N.W.2d 16 (Minn.1981); *State v. Stumm*, 312 N.W.2d 248 (Minn.1981). However, generally the victim's vulnerability due to age cannot be relied upon as an aggravating factor when the victim's vulnerability due to age has already been taken into account by the legislature in determining the elements of the offense. That is the case here.

*State v. Hagen*, 317 N.W.2d 701, 703 (Minn. 1982); *see also State v. Chase* at 697 (citing *Hagen* in the context of a Minn.Stat. § 609.343(a) case).

## DECISION

The presumptive disposition imposed by the trial court is affirmed. The trial court's durational departure from the Sentencing Guidelines was error and is reversed with instructions to impose the presumptive sentence of 36 months.

Affirmed in part, reversed in part, and remanded.