STATE of Minnesota, Respondent,

v.

Elmer Carl ANDREN, Appellant,

No. C9–84–734.

Court of Appeals of Minnesota.

Nov. 27, 1984.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, R. Kathleen Morris, Scott County Atty., Shakopee, for respondent.

William G. Peterson, William Peterson & Associates, Ltd., Bloomington, for appellant.

Considered and decided by POPOVICH, C.J., and PARKER and WOZNIAK, JJ., without oral argument.

## OPINION

POPOVICH, Chief Judge.

Appellant appeals the trial court's refusal to permit him to withdraw his guilty

plea. Appellant claims (1) he is entitled to probation because the trial court and prosecutor allegedly misrepresented appellant would be placed on probation when appellant pleaded guilty, (2) the trial court erred by considering appellant's prior conviction when computing appellant's criminal history score, (3) appellant is entitled to withdraw his guilty plea because of the alleged misrepresentations made to appellant when he pleaded guilty, (4) appellant was induced to enter his guilty plea because the trial court did not inform him of the statutory mandatory minimum sentence, (5) appellant's motion to withdraw his guilty plea was timely because the trial court allegedly never accepted appellant's guilty plea, and (6) appellant was denied effective assistance of counsel because his trial counsel did not inform appellant of the mandatory minimum sentence. We affirm.

## FACTS

The facts leading to appellant's conviction for criminal sexual conduct in the second degree are contained in *State v. Andren*, 347 N.W.2d 846 (Minn.Ct.App.1984) (*Andren I*). In *Andren I*, we considered several issues raised by appellant and reduced his sentence from 54 to 36 months. *Id.* at 848.

Appellant brought a second appeal attempting to raise issues known to him but not presented in *Andren I*. *See State v. Andren*, 350 N.W.2d 404 (Minn.Ct.App. 1984) (*Andren II*). We dismissed appellant's second appeal because appellant should have raised the issues in his first appeal, part of the relief requested had already been granted, and because appellant's motion to withdraw his guilty plea was not an appealable order. 350 N.W.2d at 405.

After *Andren II* was decided, appellant filed a petition for discretionary review with the Minnesota Supreme Court. Without reversing this court's decision in *Andren II*, the supreme court granted appellant's petition for further review and remanded the matter to this court with instructions to consider and decide the issues raised in appellant's second appeal. *State v. Andren*, No. C9–84–734 (Minn. Sept. 25, 1984) (order granting further review).

In *Andren II*, 350 N.W.2d at 405, we denied oral argument pursuant to Minn.R. Crim.P. 28.02, subd. 13. Having reviewed this matter twice previously, we do not believe the decisional process would be significantly aided by oral argument.

## ISSUES

1. Were misrepresentations made to appellant during the entry of his guilty plea entitling him to a probationary sentence?

2. Did the trial court properly consider appellant's prior conviction when sentencing appellant?

3. Were misrepresentations made to appellant during the entry of his guilty plea entitling him to withdraw his guilty plea?

4. Was the trial court's failure to inform appellant of a statutory mandatory minimum sentence reversible error?

5. Was appellant's motion to withdraw his guilty plea timely because the plea was never accepted by the trial court?

6. Was appellant denied effective assistance of counsel because his trial counsel did not inform him of the mandatory minimum sentence?

## ANALYSIS

■ 1. Appellant claims he is entitled to probation because he was not informed of the statutory mandatory minimum sentence when he pleaded guilty. When appellant pleaded guilty, however, he knew the maximum penalty for his offense was 15 years in prison. Appellant did not plead guilty pursuant to a plea agreement, and the record indicates he understood there was "absolutely no agreement or understanding here as to sentencing." The trial court did not err by imposing the presumptive disposition in this matter. *Andren I*, 347 N.W.2d at 848; *see State v. Trott*, 338 N.W.2d 248, 252 (Minn.1983).

■ 2. Appellant claims the trial court erred by considering appellant's prior con-

viction for a similar offense in computing appellant's criminal history score. Appellant claims the state did not sustain its burden of showing the prior conviction met constitutional standards citing *State v. Nordstrom*, 331 N.W.2d 901 (Minn.1983). This claim is without merit.

■ *Nordstrom* applies to matters where the prior conviction is an element of the later offense. *Id.* at 905. The requirement of a minimum sentence for a crime under Minn.Stat. § 609.346 and the Sentencing Guidelines does not create a new element of the charged offense.

No system of criminal history record keeping ever will be totally accurate and complete, and any sentencing system will have to rely on the best available criminal history information.

Minnesota Sentencing Guidelines II.B.03.

■ 3. Appellant claims he should be allowed to withdraw his guilty plea because he believed he would receive a probationary sentence. The disappointment of receiving a greater sentence than expected is not grounds for withdrawing a guilty plea. *Schwerm v. State*, 288 Minn. 488, 491, 181 N.W.2d 867, 868 (1970). As noted above, appellant understood there was no agreement regarding his sentencing.

■ 4. The failure of the trial court to inform appellant of the mandatory minimum sentence under Minn.Stat. § 609.346 is not reversible error under the circumstances of this case. Appellant pleaded guilty on May 17, 1983. The provision of Minn.R.Crim.P. 15.01 requiring the court to disclose the length of a mandatory sentence was not effective until August 1, 1983. Appellant knew at all times he could be sentenced to prison for a term of 15 years. Appellant did not challenge the validity of his prior conviction at the sentencing hearing. Appellant is not entitled to withdraw his guilty plea on these grounds. *Trott*, 338 N.W.2d at 252–53.

■ 5. Appellant next contends the trial court never "accepted" appellant's guilty plea so as to preclude appellant from later withdrawing it.

Our review of the record reveals the trial court's actions can in no way be interpreted as anything but an acceptance of appellant's plea. The court listened to appellant's admission of guilt and factual description of his crime. After receiving the plea, the trial court continued appellant's conditional release and ordered a pre-sentence investigation. We find the trial court accepted appellant's guilty plea on May 17, 1983.

Minn.R.Crim.P. 15.05, subd. 1 requires a timely motion to withdraw a guilty plea. Appellant pleaded guilty on May 17, 1983, sentenced on November 18, 1984, but did not serve his motion to withdraw his plea until January 11, 1984. Appellant's motion to withdraw his guilty plea was untimely.

■ 6. Last, appellant claims he should be allowed to withdraw his guilty plea because he was denied effective assistance of counsel. This premise is based on appellant's contention that he believed he would receive probation.

If appellant's trial counsel made an unqualified promise of probation, appellant would be allowed to withdraw his plea. *Id.* at 252. As noted repeatedly above, however, appellant failed to show he received an unqualified promise of probation. Therefore, appellant's claim of ineffective assistance of counsel cannot be sustained. *Id.; Kochevar v. State*, 281 N.W.2d 680, 687–89 (Minn.1979).

**DECISION**

Appellant is not entitled to probation or to withdraw his guilty plea.

Affirmed.