**STATE of Minnesota, Respondent,**

v.

**Daniel Robert O'LEARY, Appellant.**

**No. C7–84–1476.**

Court of Appeals of Minnesota.

Dec. 24, 1984.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, R. Kathleen Morris, Scott County Atty., Patricia M. Buss, Asst. County Atty., Shakopee, for respondent.

Thomas J. O'Connor, Bloomington, for appellant.

Considered and decided by POPOVICH, C.J., and RANDALL and CRIPPEN, JJ., with oral argument waived.

### OPINION

CRIPPEN, Judge.

Appellant Daniel O'Leary appeals from an order of the post-conviction court which denied his petition for resentencing under the Minnesota Sentencing Guidelines. We remand for specific findings of fact and conclusions of law.

### FACTS

In 1979, appellant pleaded guilty in Scott County to possession of a schedule II con-

trolled substance. Imposition of sentence was stayed and appellant was placed on probation for five years. As condition of probation appellant participated in a chemical dependency treatment in Boulder, Colorado. About one year later appellant transferred to the Eden House Therapeutic Community in Minneapolis. Three days after he completed treatment, he committed an armed robbery.

On April 6, 1981, appellant was sentenced in Hennepin County to prison for 75 months for the Minneapolis robbery. On February 23, 1982, appellant was found to be in violation of his 1979 probation by a Scott County judge. His probation was revoked and he was sentenced to 19 months in prison, consecutive to his Hennepin County sentence.

On July 13, 1984, a post-conviction relief hearing was held on appellant's requests that the Scott County sentence be reduced from 19 to 15 months, and that it run concurrent to the Hennepin County sentence. The post-conviction court denied appellant's petition for relief but made no specific findings.

## ISSUE

Did the post-conviction court err in failing to make findings of fact and conclusions of law?

## ANALYSIS

Appellant petitioned for relief in the form of resentencing according to the Minnesota Sentencing Guidelines. The post-conviction remedy act provides:

A person who has been convicted and sentenced for a crime committed before May 1, 1980 may institute a proceeding applying for relief under this chapter upon the ground that a significant change in substantive or procedural law has occurred which, in the interest of justice, should be applied retrospectively, including re-sentencing under subsequently enacted law.

Minn.Stat. § 590.01, subd. 3 (1982). Under the guidelines, appellant contends, the pre-

sumptive sentence would have been 15 months in prison, using a severity level I offense and a criminal history score of 4, and the consecutive sentence would have been a non-justifiable departure.

The post-conviction court summarily denied appellant's requested relief.

Minn.Stat. § 590.04, subd. 1 (1982) provides:

Unless the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief, the court shall promptly set an early hearing on the petition and response thereto, and promptly determine the issues, make findings of fact and conclusions of law with respect thereto, and either deny the petition or enter an order granting appropriate relief.

A summary denial of a petition for post-conviction relief is allowed only for second or successive petitions for similar relief by the same petitioner or where the court of appeals or the supreme court have previously decided an issue in the same case. Minn.Stat. § 590.04, subd. 3 (Supp. 1983).

A memorandum of the court noted that the judge did not "feel it appropriate" to interfere with appellant's sentence, and that the sentencing judge was not "bound" by the guidelines. Thus, the post-conviction court chose not to address the rationality of the sentence and erroneously deprived appellant of review demanded by Minn.Stat. § 590.01, subd. 3. The statute mandates consideration of the interest of justice affected by changes of law, including changes affecting sentencings.

## DECISION

The post-conviction court must enter specific findings of fact and conclusions of law with respect to appellant's petition.

Remanded.