Daniel Robert O'LEARY,
petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

No. C0–85–213.

Court of Appeals of Minnesota.

May 21, 1985.

Thomas J. O'Connor, McVay and O'Connor, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, R. Kathleen Morris, Scott Co. Atty., Patricia M. Buss, Asst. Co. Atty., Shakopee, for respondent.

Considered and decided by POPOVICH, C.J., and WOZNIAK and FORSBERG, JJ., with oral argument waived.

## OPINION

FORSBERG, Judge.

Appellant appeals the trial court's order denying his post-conviction motion for resentencing. Appellant asserts he was entitled to concurrent sentencing for his 1979 and 1981 convictions. We affirm.

## FACTS

In 1979, appellant pled guilty to possession of a schedule II controlled substance. Imposition of sentence was stayed, and appellant was placed on probation for five years. During his probation, appellant committed an armed robbery. On April 6, 1981, he was sentenced to 75 months in prison for the robbery. On February 23, 1982, appellant's probation for the 1979 offense was revoked. He was sentenced to 19 months in prison to run consecutive to the robbery sentence.

On July 13, 1984, appellant sought resentencing at a post-conviction relief hearing. The trial court denied appellant's motion without findings, and appellant appealed. We remanded the matter to the trial court to make findings of fact and conclusions of law. *See State v. O'Leary,* 359 N.W.2d 703 (Minn.Ct.App.1984). On remand, the

trial court made findings and denied appellant's request for resentencing under the Minnesota Sentencing Guidelines.

## ISSUES

1. Did the trial court have the authority, after revoking probation, to make the sentence imposed run consecutively to the previous sentence?

2. Was the court required to follow the guidelines by providing written reasons for the consecutive sentence?

## ANALYSIS

### I.

Appellant challenges the sentence imposed upon him in February 1982 following revocation of probation for the 1979 offense. He contends the court did not have authority to impose a consecutive sentence.

The supreme court in *State v. Klang,* 320 N.W.2d 718 (Minn.1982), held there is no authority to make a previously imposed sentence, whose execution was stayed, run consecutively to a subsequently imposed sentence. The court cited the revocation statute, which provides that a court on revocation of a stay of execution may "order execution of the sentence previously imposed." Minn.Stat. § 609.14, subd. 3(2) (1982). Making the sentence run consecutively to another, however, is an increase in the sentence for which the statute gives no authority. *See Bangert v. State,* 282 N.W.2d 540, 547 (Minn.1979) (court on reconviction or resentencing may not impose a harsher sentence than originally imposed).

■ Where no sentence has been imposed, however, there is no such bar. *See* Minn.Stat. § 609.14, subd. 3(1) (1984). The court may impose any lawful sentence, including a sentence consecutive to a subsequently imposed sentence.

### II.

The sentencing guidelines make concurrent sentencing the presumptive alternative for all but a few cases. Minnesota

Sentencing Guidelines II.F. Consecutive sentencing constitutes a departure requiring written reasons, which were not provided in this case. *Id.* Appellant, however, was being sentenced for an offense committed in 1979, before the effective date of the sentencing guidelines.

■ The general rule is that in determining the applicable sentencing statute, the relevant date is the date of the offense. *State v. Master,* 312 Minn. 596, 597, 252 N.W.2d 859, 860 (1977). Postconviction relief seeking retroactive application of the guidelines is available to

[a] person who has been convicted and sentenced for a crime committed before May 1, 1980 * * *.

Minn.Stat. § 590.01, subd. 3 (1984).

■ Appellant conceded at the revocation hearing that the guidelines do not apply to this case, and he has sought retroactive application of the guidelines on this basis. *See State v. O'Leary,* 359 N.W.2d 703, 704 (Minn.Ct.App.1984). His claim on this appeal that the guidelines are applicable in the first instance, and not retroactively by postconviction relief, is without merit. The trial court was not required to provide written reasons for the consecutive sentence.

## DECISION

The trial court was authorized to make the sentence imposed run consecutively to the previous sentence. The court was not required to provide written reasons for consecutive sentencing.

Affirmed.