**Willie Mack SPANN, Appellant,**

v.

**STATE of Minnesota, Respondent.**

No. C5–84–1847.

Court of Appeals of Minnesota.

May 28, 1985.

C. Paul Jones, State Public Defender, Ann Remington, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Thomas Foley, Ramsey Co. Atty., St. Paul, for respondent.

Considered and decided by POPOVICH, C.J., and FORSBERG and LESLIE, JJ., with oral argument waived.

## SUMMARY OPINION

LESLIE, Judge.

### FACTS

Defendant-appellant was charged with two counts of burglary. Appellant's trial counsel advised his client he believed appellant had a criminal history score of four. Appellant disagreed with that computation and contacted his probation officer. The probation officer, by telephone, informed appellant the score appeared to be three and appellant relayed that information to his counsel.

Appellant pleaded guilty to burglary in the third degree. Based on a history score of three, appellant's presumptive sentence would be 21 months, stayed. Appellant signed a plea petition acknowledging the maximum term was five years. At the time of the plea, the trial court announced it knew nothing of appellant's background and would not be bound by any recommendation or to any specific sentence. Appellant admitted the offense and told the court no promises had been made to him to convince him to plead guilty. ·

The presentence investigation determined that appellant's history score was four. The trial court imposed the presumptive sentence of 25 months imprisonment. Following imposition of that sentence, appellant brought a post-conviction petition to

withdraw the guilty plea, based on his expectation of a lesser sentence.

Appellant testified his attorney told him he would likely have four history points, the probation officer thought the score would only be three, but that no specific sentence was made a part of the plea agreement. Defense counsel confirmed the trial court made no commitment as to sentence, either on or off the record. Counsel on the post-conviction petition confirmed that appellant was never promised a stayed sentence. The trial court denied appellant's post-conviction petition and appellant seeks review of that order.

## DECISION

It may be proper for a defendant to withdraw his plea if the trial court represents the presumptive sentence to the defendant and that representation is later found to be inaccurate, due to improper calculation of the defendant's criminal history score. *State v. Benson,* 330 N.W.2d 879 (Minn.1983). However, the trial court here at the time of plea made no representation as to appellant's score or the presumptive sentence. Where a defendant is not promised a probationary sentence, he will not later be allowed to withdraw a plea because he was sentenced according to the guidelines. *State v. Trott,* 338 N.W.2d 248 (Minn.1983).

Here, as in *Trott,* appellant acknowledged in a written plea petition that he understood the maximum sentence the court could impose was five years and he testified at the time of his plea that no promises as to sentence were made. As the supreme court noted, "[i]n a substantial number of cases, the prosecution, the defense counsel and the court must wait until after a pre-sentence investigation report has been prepared before they can accurately determine the presumptive sentence." *Id.* at 252–53.

Defendant was not entitled to withdraw his guilty plea where no promise of probation was made and the trial court imposed the presumptive sentence based upon a correct computation of appellant's criminal history score.

Affirmed.