Ruthie L. **KENNEDY,**
**Petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

No. C4–85–702.

Court of Appeals of Minnesota.

Aug. 6, 1985.

Review Denied Sept. 26, 1985.

C. Paul Jones, Minnesota Public Defender, Susan K. Maki, Asst. State Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas J. Johnson, Hennepin Co. Atty., Vernon E. Bergstrom, Chief Appellate Section, Anne E. Peek, Asst. Co. Atty., Minneapolis, for respondent.

Considered and decided by POPOVICH, C.J., and FOLEY and LESLIE, JJ., with oral argument waived.

## SUMMARY OPINION

LESLIE, Judge.

### FACTS

Appellant Ruthie L. Kennedy was charged with two counts of first degree assault and one count of third degree assault following an incident on April 23, 1984, in which she shot a man, causing damage to his lungs and spinal cord and bruises to his face. She pleaded guilty to third degree assault pursuant to a plea agreement. She was given a 36 month executed sentence according to the mandatory minimum sentence for using a firearm under Minn.Stat. § 609.11, subd. 5 (1982). Later she petitioned for post-conviction relief, seeking to withdraw her guilty plea on the ground that she was never told specifically by her attorney that Minn.Stat. § 609.11 prescribed a mandatory minimum three-year sentence. She also moved alternatively for a reduction of her sentence.

At the post-conviction hearing, appellant testified that she discussed her plea with her attorney several times and that he told her because a gun was involved the presumptive sentence would include imprisonment. Appellant's trial counsel at the time of the plea testified that he discussed the sentence several times with her and told her because of the use of the gun she could serve a minimum of three years. He testified he did tell appellant the trial judge could depart and give her probation and they should "roll the dice." He also testified he told her that in most cases, however, the presumptive sentence is imposed. Appellant testified that she did not know she would be imprisoned until sentencing.

The post-conviction court concluded that appellant was told when she pleaded guilty that she could be incarcerated for three years and that her plea was entered knowingly, intelligently, and voluntarily, and denied the requested relief. The post-conviction court also refused to grant appellant's alternative request for a dispositional departure, finding specifically that appellant was not amenable to treatment in a probationary setting.

### DECISION

1. The record shows the post-conviction court did not abuse its discretion in denying appellant's request to withdraw her guilty plea. *Doughman v. State*, 351 N.W.2d 671, 674 (Minn.Ct.App.1984); *pet. for rev. denied* (Minn. Oct. 16, 1984). The evidence supports the post-conviction court's finding that appellant knew she could be imprisoned for three years when she pleaded guilty. Appellant was told of

the mandatory minimum sentence as required by Minn.R.Crim.P. 15.01(10)(b). *State v. Trott*, 338 N.W.2d 248, 253 (Minn. 1983). Appellant was not promised a probationary sentence. *Spann v. State*, 368 N.W.2d 377, 379 (Minn.Ct.App.1985). The disappointment of receiving a greater sentence than she hoped for is not a ground for withdrawing a plea. *State v. Andren*, 358 N.W.2d 428, 431 (Minn.Ct.App.1984).

■ 2. At sentencing, the trial court refused to dispositionally depart, based partly on the factual basis of the offense, the extensive injuries inflicted on the victim, and the fact that departure would undermine the legislative intent of Minn.Stat. § 609.11.

While appellant's post-conviction petition was pending, the post-conviction court conditionally released appellant from prison. The conditions of release included that appellant remain chemically free and that she remain in contact with James Bransford of MIBCA (Minnesota Institute on Black Chemical Abuse). Appellant was told that Bransford's report on her compliance with the conditions would be considered in deciding her request to stay her sentence.

The post-conviction court denied the dispositional departure, noting again the seriousness of the offense and that Bransford's report indicated that appellant failed to show up for three arranged appointments with the MIBCA.

The record amply supports the trial court's determination to impose the presumptive sentence and not dispositionally depart. There was no abuse of discretion. *State v. Kindem*, 313 N.W.2d 6, 7 (Minn. 1981); *State v. Olson*, 359 N.W.2d 53, 54 (Minn.Ct.App.1984).

Affirmed.