Robert C. PIRINGER, Jr., Petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

No. C9–85–2302.

Court of Appeals of Minnesota.

June 3, 1986.

C. Paul Jones, Minn. State Public Defender, Ann Remington, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Robert W. Kelly, Washington County Atty., William F. Klumpp, Jr., Asst. County Atty., Stillwater, for respondent.

Considered and decided by LANSING, P.J., and FOLEY and WOZNIAK, JJ., with oral argument waived.

## MEMORANDUM OPINION

LANSING, Judge.

Robert Piringer appeals the denial of his second post-conviction petition seeking resentencing under the Minnesota Sentencing Guidelines. We affirm.

## FACTS

Robert Piringer pled guilty to first-degree criminal sexual conduct for an offense committed on April 7, 1980. The facts of this violent sexual assault are set forth in *Piringer v. State,* 328 N.W.2d 437 (Minn. 1983). The trial court sentenced Piringer to a prison term of one year and one day to 20 years.

Because Piringer was sentenced before the Minnesota Sentencing Guidelines became effective, he brought a petition for post-conviction sentencing relief. *See* Minn.Stat. § 590.01, subd. 3 (Supp.1981). The post-conviction court denied Piringer's request to be sentenced under the guidelines to a presumptive sentence of 43 months. The Minnesota Supreme Court affirmed the denial, holding that Piringer did not meet his burden of proving his earlier release would not endanger the public and would not be incompatible with society's welfare. *See id.*

On September 6, 1985, Piringer filed a second petition for post-conviction relief, again seeking resentencing under the guidelines but this time requesting a 120–month sentence. The trial court denied the petition without holding a hearing. The court repeated its conclusion that Piringer could not show that an early release would not endanger the public and would not be incompatible with the welfare of society. Piringer appeals from this order, contending that he is entitled to a hearing and resentencing under the guidelines to a term of 120 months.

## ANALYSIS

The Post-Conviction Remedy Act specifically provides that a court may "summarily deny a second or successive petition for similar relief" and may "summarily deny a petition when the issues raised in it have previously been decided by the court of appeals or the supreme court in the same case." Minn.Stat. § 590.04, subd. 3 (1984). The petition raises the issue of resentencing under the sentencing guidelines. This is the same relief requested in the first post-conviction petition, and the supreme court affirmed the denial of that relief. The trial court did not err in summarily denying the second petition. *See id.; State v. O'Leary,* 359 N.W.2d 703 (Minn.Ct.App. 1984). *See also Effinger v. State,* 380 N.W.2d 483 (Minn.1986) (a petitioner is not entitled to a full evidentiary hearing when there are no material facts in dispute other than the ultimate question of whether his early release would present a danger to the public and would be incompatible with the welfare of society) (citing *Weinandt v.*

*State,* 324 N.W.2d 918, 919–20 (Minn. 1982)).

**DECISION**

Affirmed.