Kent LALLIER, Petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

No. C1–86–1669.

Court of Appeals of Minnesota.

April 14, 1987.

Barry V. Voss, Minneapolis, for petitioner, appellant.

Hubert H. Humphrey, III, Atty. Gen., Robert A. Stanich, Sp. Asst. Atty. Gen., St. Paul, Gary Fridell, Goodhue Co. Atty., Red Wing, for respondent.

Considered and decided by POPOVICH, C.J., and LANSING and RANDALL, JJ., with oral argument waived.

## OPINION

RANDALL, Judge.

In 1985, appellant Kent Lallier pleaded guilty to simple robbery for a crime committed in 1975, and received a pre-guidelines sentence. He brought a petition for post-conviction relief, requesting that he be allowed to withdraw his guilty plea because he did not receive the benefit of his plea bargain, and arguing that he should be sentenced according to the guidelines. The trial court denied the petition finding that no bargain had been made as to the sentence. Lallier appeals. We affirm.

## FACTS

Appellant was charged by a Rice County complaint with six crimes for his involvement in the armed break-in of an occupied home in Faribault during the early morning hours of September 6, 1975. Appellant was a fugitive from justice until 1985, when he was arrested in Wisconsin. Plea negotiations ensued. Venue was transferred to Goodhue County, where the charges were consolidated with several outstanding Goodhue County charges.

On November 8, 1985, a guilty plea hearing was held. The Rice County complaint, which originally contained six charges, was amended to one count of simple robbery pursuant to Minn.Stat. § 609.24 (1974). At this time, appellant's former attorney referred to the "guideline crime" of simple robbery. The prosecutor informed the court that the maximum sentence that could be imposed for such an offense is 10 years in prison, a $10,000 fine, or both. The prosecutor stated that no negotiation was made relative to the sentence for the simple robbery charge, that a presentence investigation would be prepared, and that sentencing would occur at a later date. Appellant's former attorney agreed with the statement.

At this time appellant also pleaded guilty to a Goodhue County simple burglary charge, Minn.Stat. § 609.58, subd. 2(3) (1974). The negotiated sentence for this crime included supervised probation, on condition that appellant serve one year in the Goodhue County jail, with the understanding that the jail time could be served in Hennepin County. Appellant also intended to plead guilty to a charge pending in Hennepin County. The Goodhue County district court indicated it would not sentence appellant on the two pleas it took until a presentence investigation was completed and until the Hennepin County plea was taken so appellant could serve his jail time in Hennepin County.

Appellant testified that he understood the maximum sentence for simple robbery, under the 1974 law, was a $10,000 fine, 10 years in prison, or both. He also indicated he understood that for the simple robbery plea negotiation, no bargain was struck as to the sentence, and that the court could sentence him any way it desired. Appellant was questioned as to the rights he was waiving and the factual basis for his plea. Based on appellant's testimony, the trial court found him guilty, entered a conviction, and ordered a presentence investigation.

On December 13, 1985, appellant was sentenced. Prior to the actual sentencing, appellant testified that he wished to withdraw his plea and fire his attorney, because he learned that the presentence investigation recommendation was for an indeterminate sentence of 10 years in Stillwater Prison. He testified his attorney advised him the simple robbery sentence would amount to no more than one year in the workhouse, and that his sentences for the pleas to the Hennepin, Rice, and Goodhue County offenses would run concurrently.

Appellant's attorney argued to the court that he agreed to, and was under the impression that appellant would plead to, a "guidelines" charge, and that was what he informed appellant. The prosecutor argued appellant testified at his plea hearing he knew no bargain was struck regarding sentence. The court asked appellant why appellant had acknowledged under oath that the court was free to sentence him any way it deemed appropriate. Appellant replied his attorney informed him that he would be given an 18 month stayed sentence pursuant to the guidelines, and that

he would have chosen to go to trial had his attorney not told him this.

The trial court denied appellant's request to withdraw his plea and sentenced appellant on the Rice County offense, pursuant to pre-guidelines law, to the custody of the Commissioner of Corrections for a period not to exceed 10 years. The court sentenced him on the Goodhue County offense pursuant to the plea agreement.

On June 20, 1986, appellant petitioned for post conviction relief, requesting the court to vacate appellant's Rice County simple robbery sentence and impose a sentence pursuant to the Minnesota Sentencing Guidelines or, in the alternative, dismiss the charges and either discharge appellant or grant him a new trial.

At the post conviction hearing, appellant's former attorney,[1] testified that, although he and the prosecutor were aware that the offense occurred prior to implementation of the guidelines, he was given the impression that the county attorney would go along with a guideline sentence. He admitted he advised appellant he would probably receive a sentence pursuant to the guidelines, but added that he told appellant there were no promises. Appellant's trial attorney assumed the three sentences for appellant's three pleas would be concurrent and would be served in Hennepin County, rather than Goodhue or Rice County. While there was no bargain as to the sentence for the Rice County charge, appellant's trial attorney said his conversations with the county attorney were all in relation to the guidelines. Appellant also offered into evidence a letter from the county attorney to the victims of the robbery, stating that "the Sentencing Guidelines will undoubtedly be controlling in this matter." That the county attorney wrote that letter is not in dispute.

Appellant testified his trial attorney told him he would receive no more than an 18 month stayed sentence, along with probation, restitution, or, possibly, workhouse time for the Rice County offense. Appellant recalled being asked at the plea hearing whether he understood the judge could

sentence him in any way he saw fit because there was no bargain as to the sentence, and to that appellant answered "yes."

The trial court denied the petition in its entirety, finding the plea transcript revealed no bargain had been made as to the sentence for the simple robbery charges and there had been no showing of manifest injustice. This appeal followed.

## ISSUE

Does the record contain sufficient evidence to support the post-conviction court's determination that the plea bargain contained no sentencing provision?

## ANALYSIS

Appellant committed the crime of simple robbery September 6, 1975. Generally, courts look to the date of the crime to determine the applicable sentencing statute. *State v. Master,* 312 Minn. 596, 597, 252 N.W.2d 859, 860 (1977); *O'Leary v. State,* 368 N.W.2d 24, 25 (Minn.Ct.App. 1985). The Minnesota Sentencing Guidelines apply to those persons sentenced for felonies committed on or after May 1, 1980. Minnesota Sentencing Guidelines II. The trial court sentenced appellant pursuant to law applicable at the time the crime was committed, Minn.Stat. § 609.24 (1974), which provided for a sentence of imprisonment for not more than 10 years, a fine of not more than $10,000, or both.

Appellant argues that the plea negotiation envisioned sentencing pursuant to the guidelines, that he did not receive the benefit of the bargain when he was sentenced under pre-guidelines law, and that a manifest injustice occurred. He contends he should be allowed to withdraw his guilty plea.

The standard for withdrawing a guilty plea by a sentenced defendant is as follows:

A criminal defendant is permitted to withdraw a guilty plea following sentencing only upon proving "to the satisfaction of the court that withdrawal is necessary to correct a manifest injustice."

1. The attorney on appeal is not the trial attorney who negotiated the plea agreement in issue.

Rule 15.05, subd. 1, Minn.R.Crim.P. The decision whether to permit a plea of guilty to be withdrawn is addressed to the sound discretion of the trial court. *Chapman v. State,* 282 Minn. 13, 162 N.W.2d 698 (1968). Absent a clear abuse of discretion, the trial court's decision will not be disturbed on appeal. *State v. Jacobs,* 292 Minn. 41, 192 N.W.2d 816 (1971).

The burden is on the petitioner at a post-conviction proceeding to prove by a preponderance of the evidence the facts which would warrant withdrawal of his guilty plea. Minn.Stat. § 590.04, subd. 3 (1983); *Hanson v. State,* 344 N.W.2d 420, 423 (Minn.Ct.App.1984). The scope of our review is limited to ascertaining whether there is sufficient evidence in the record to support the findings of the post-conviction court. *Hanson; State v. Doughman,* 340 N.W.2d 348 (Minn.Ct. App.1983); *Kochevar v. State,* 281 N.W.2d 680, 687 (Minn.1979).

*Doughman v. State,* 351 N.W.2d 671, 674 (Minn.Ct.App.1984), *pet. for rev. denied,* (Minn. Oct. 16, 1984).

Several cases have addressed the issue of whether a defendant should be allowed to withdraw his guilty plea because it was induced by an unfulfilled promise, *e.g. Kochevar v. State,* 281 N.W.2d 680, 687 (Minn.1979), or because the defendant was disappointed by receiving a greater sentence than expected. *Eg. State v. Andren,* 358 N.W.2d 428, 431 (Minn.Ct.App.1984).

In *Kochevar,* the defendant contended he should be permitted to withdraw his guilty plea because it was induced by an unfulfilled promise. The court, while recognizing that an unqualified promise which is part of a plea agreement must be honored or the plea may be withdrawn, found appellant failed to show the representations made to him constituted an unqualified promise. 281 N.W.2d at 687.

In *State v. Benson,* 330 N.W.2d 879 (Minn.1983), the issue was addressed in a different context. A defendant pled guilty pursuant to a plea agreement that provided, in part, the court would not depart upward from the presumptive sentence.

The defendant was questioned as to his understanding that the presumptive sentence was 32 months. This, it was subsequently discovered, was incorrect. The court sentenced the defendant to 32 months, which constituted a downward durational departure. The supreme court held that the fact the defendant mistakenly understood the presumptive sentence was 32 months was not a ground for departure, but would be a ground for letting him withdraw his guilty plea and stand trial. *Id.* at 880–81.

In this case, appellant asserts various facts which he contends show that adherence to the sentencing guidelines was part of the plea bargain. However, the trial court found no bargain was made as to the sentence appellant would receive, and found appellant indicated on the record he understood the consequences of his plea. The trial court stated:

The plea transcript reveals that there was no bargain on the Rice County Simple Robbery charge with respect to the sentence which would be imposed. In discussion of the simple robbery charge, Ms. Pohl, Assistant County Attorney for Goodhue County, stated to the court that there was no negotiation with respect to the sentence in connection with Petitioner's plea. Mr. Rosenbower, Petitioner's attorney at the time, answered affirmatively when questioned by Ms. Pohl if this was his understanding of the sentencing. * * * Ms. Pohl asked Petitioner if he understood that the maximum sentence for the crime of simple robbery was a $10,000 fine and/or ten years in prison. Petitioner answered affirmatively. * * * Petitioner answered affirmatively when asked if he understood that there has been no bargain struck in connection with any sentencing that he might receive in connection with the Rice County conviction. * * * Furthermore, Petitioner answered affirmatively when asked if he understood that the court could sentence him any way it desired on the Rice County charge.

* * * * * *

884

There was no bargain on the Rice County Simple Robbery sentence which envisioned that Petitioner would be sentenced under the guidelines. Minn. Rule of Crim. Pro. 15.05, Subd. 1 allows for withdrawal of a guilty plea to correct a manifest injustice. Here there has been no showing that any injustice occurred. Therefore, Petitioner's requests for post-conviction relief must be denied in their entirety.

These findings of fact are supported by the evidence. There is no plea bargain on the record as to any guaranteed sentence. Appellant acknowledged he could be sentenced to 10 years. *See Kennedy v. State*, 372 N.W.2d 83, 84 (Minn.Ct.App.1985), *pet. for rev. denied*, (Minn. Sept. 26, 1985). He was not promised a probationary sentence by the court. *See Spann v. State*, 368 N.W.2d 377, 379 (Minn.Ct.App.1985). The disappointment of receiving a prison term, rather than being given probation under the guidelines, is not, in these circumstances, grounds for withdrawal of the plea. *Andren*, 358 N.W.2d at 431.

The problem with the case is that expectations of appellant's former counsel, which he communicated to appellant, were not part of a firm plea agreement. At the post conviction relief hearing, the trial attorney testified that he understood the guidelines would control the type of sentence appellant was to receive. The State does not really controvert Rosenbower's expectations, and admits that a letter was written to the victims indicating that the sentencing guidelines would be controlling in this matter.

Yet, at no time did defense counsel and the county attorney agree on the record that they would bring to the trial court a firm plea negotiation for a specific sentence. What record there is discloses the opposite. The record indicates that appellant understood that there was no binding plea agreement as to a sentence.

What the two attorneys may have assumed would happen was not translated into a binding plea agreement. The trial court did not accept any controls on its right to sentence, made no promises to appellant that it did not keep, and it imposed a legal sentence under the controlling statute.

We caution defense attorneys not to tell clients what their sentence *will be* unless there is a plea bargain on the record stating a specific sentence. Firm plea agreements are beneficial to defendants, to the State, and to the administration of justice. If a sentence is to be left open to the discretion of the court, the defendant must be fully apprised of that fact. If the defense attorney, from his experience in dealing with that judge, or from his observation of what has happened to similarly situated people, is able to make an informed guess as to what the probable sentence is going to be, the attorney must communicate to his client that the probable sentence is just an informed guess and that the actual sentence is uncertain. Here, where the prosecutor's actions legitimately furthered the defense attorney's belief he was making an informed guess as to the probable sentence, only underscores the need for the defense counsel to inform the client that, no matter what the expectations are, there is no guaranteed sentence unless the trial court has on the record accepted a proposed plea agreement as to sentence. Such acceptance by the trial court did not happen here, and we cannot say that the trial court erred as a matter of law in denying post conviction relief.

## DECISION

The trial court's decision denying appellant's petition for post conviction relief is affirmed.

Affirmed.

LANSING, J., specially concurs.

LANSING, Judge (concurring specially).

I concur in the result. I agree with the majority's conclusion that the trial court did not err in denying Kent Lallier's motion to withdraw his guilty plea.