STATE of Minnesota, Respondent,

v.

Floyd H. SCHWAB, Appellant.

No. C3–87–209.

Court of Appeals of Minnesota.

April 21, 1987.

Review Denied June 9, 1987.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Robert M.A. Johnson, Anoka Co. Atty., Daniel A. Klint, Assistant Co. Atty., Anoka, for respondent.

C. Paul Jones, Public Defender, Cathryn Y. Middlebrook, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and LANSING and RANDALL, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

This is a sentencing appeal following a probation revocation hearing. Following a second conviction, the trial court revoked appellant Floyd Schwab's probation for an earlier conviction and sentenced him to consecutive sentences. Schwab asserts the trial court abused its discretion by ordering consecutive, rather than concurrent sentences. We affirm.

## FACTS

On September 13, 1984, Floyd Schwab was charged with four counts of second degree intrafamilial sexual abuse, Minn. Stat. § 609.3642, subd. 1(1) (1984), arising out of alleged sexual contact with his 15–year-old half-sister. Schwab pleaded guilty to one of the counts charged, and on January 17, 1985, the trial court stayed the imposition of sentence and placed him on probation for 15 years. The other three counts were dismissed.

On September 23, 1986, Schwab was convicted of second degree criminal sexual

conduct in violation of Minn.Stat. § 609.-343, subd. 1(a) (1986) arising out of sexual contact with a five-year-old boy. Schwab was sentenced to a 36–month prison term as a result of the conviction.

At a November 14, 1986 probation revocation hearing, the trial court revoked the stay of imposition and sentenced Schwab to a 21–month sentence to be served consecutively to the 36–month sentence. Schwab had requested the trial court make the sentences concurrent. Schwab appeals the 21–month consecutive sentence.

## ISSUE

Did the trial court abuse its discretion by sentencing Schwab to consecutive rather than concurrent terms?

## ANALYSIS

The Minnesota Sentencing Guidelines provide that a consecutive sentence may be imposed without departure from those guidelines

> [w]hen a prior sentence for a crime against a person has not expired or been discharged and one or more of the current felony convictions is for a crime against a person, and when the sentence for the most severe current conviction is executed according to the guidelines,

Minnesota Sentencing Guidelines II.F.

This court has determined that following the revocation of a stay of imposition "[t]he court may impose any lawful sentence, including a sentence consecutive to a subsequently imposed sentence." *O'Leary v. State*, 368 N.W.2d 24, 25 (Minn. Ct.App.1985). The trial court is in the best position to weigh the various sentencing options and therefore is granted broad discretion in sentencing. *Massey v. State*, 352 N.W.2d 487, 489 (Minn.Ct.App.1984) (citing *State v. Back*, 341 N.W.2d 273, 275 (Minn. 1983)), *pet. for rev. denied*, (Minn. Oct. 16, 1984). "The fact that the [sentencing] guidelines authorize either consecutive or concurrent sentencing in particular situations is not a justification for limiting that broad discretion." *Id.* Where the trial court's actions are permitted by the guidelines, generally this court will not interfere absent compelling circumstances. *State v. Freyer*, 328 N.W.2d 140, 142 (Minn.1982).

Schwab concedes that he may be sentenced consecutively or concurrently. He contends, however, that imposition of the 21–month consecutive sentence exaggerates the criminality of his conduct and thus constitutes an abuse of discretion by the trial court. The 36–month sentence for the second conviction was based upon Minn.Stat. § 609.346, subd. 2 (1986) which imposes a mandatory 36–month minimum sentence for convictions occurring within 15 years of an earlier conviction. Schwab contends this mandatory sentence "takes into account" the earlier conviction and thus reflects the criminality of his conduct. While the penalty is enhanced due to the prior conviction, the statute sets only the penalty for the subsequent offense, and is not a conclusive penalty for prior convictions in which imposition of a sentence has been stayed.

A review of the record indicates the trial court carefully considered and weighed its sentencing options. The trial court noted that one condition of probation was counseling, but Schwab's attitude toward therapy was poor, and that he stopped attending therapy sessions. The court noted the seriousness of the original offense, the failure to adhere to the conditions of probation, and concluded consecutive sentencing in this case was fair. Moreover, the trial court found the prior 36–month sentence was for Schwab's second conviction, and sentenced him to the 21–month consecutive term to account for the earlier conviction. Under the circumstances, given the trial court's broad discretion, we believe the 21–month consecutive sentence does not unfairly exaggerate the criminality of Schwab's conduct.

## DECISION

The trial court did not abuse its discretion in sentencing Schwab to consecutive terms after revoking a stay of imposition.

Affirmed.